## Case No. 10,099.

### NELLIS et al. v. McLANAHAN et al.

[6 Fish. Pat. Cas. 286.] [1]

Circuit Court, W. D. Pennsylvania. Feb., 1873.

PATENTS—SUIT FOR INFRINGEMENT OF SEVERAL PATENTS—MULTIFARIOUSNESS.

Where suit is brought for the infringement of several patents for different improvements, not necessarily embodied in the construction and operation of any one machine, the bill must contain an explicit averment that the infringing machines contain all the improvements embraced in the several patents, or it will be bad for multifariousness.

[Cited in Horman Patent Manuf'g Co. v. Brooklyn City R. Co., Case No. 6,703; Gamewell Fire-Alarm Tel. Co. v. Chillicothe, 7 Fed. 355; Hayes v. Dayton, 8 Fed. 704; Pope Manuf'g Co. v. Marqua, 15 Fed. 400; Barney v. Peck, 16 Fed. 413; Griffith v. Segar, 29 Fed. 707.]

Demurrer to bill in equity [by Aaron J. Nellis and John Crawford against A. King McLanahan, William Stone, and William Bailey].

Suit brought upon the following letters patent:

1. Letters patent [No. 44,129] for "improvement in hay-elevators," granted to Edward Walker, September 6, 1864, and reissued December 18, 1866 [No. 2,429].

2. Letters patent [No. 46,027] for "improvement in hay-elevators," granted Seymour Rogers, January 24, 1865, and reissued May 29, 1866 [No. 2,260].

3. Letters patent [No. 53,345] for "improvement in horse hay-rakes," granted Seymour Rogers, March 20, 1866.

The charging part of the bill was as follows:

"And your orators further show unto your honors, as they are informed and believe, that the said defendants herein named, well knowing all the facts hereinbefore set forth,

---

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

[2] [See Case No. 10,130.]

[1] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]

are now constructing and using, and vending to others to be used, hay-forks, of the kind and description known in the trade as 'harpoon hay-forks,' in some parts thereof substantially the same in construction and operation as in the said several letters patent mentioned, the exclusive right and privilege to make and use which, and vend the same to others to be used, is thus by law vested in your orators.

"And so it is, may it please your honors, that the said defendants, as your orators are informed and believe, without the license of your orators, against their will and in violation of their rights, have made and used, and intend to continue still to make and use the said improvements, within the Western district of Pennsylvania, and refuse to pay to your orators any of the profits which they have made by such unlawful manufacture and use, or to desist from the further infringement of said recited letters patent; all of which acts and doings are in violation of the exclusive rights and privileges so as aforesaid vested in your orators, under and by virtue of said recited several letters patent and assignments, and are contrary to equity and good conscience, and tend to the manifest injury of your orators in the presents."

Then followed special interrogatories as to each of the patents in suit. These were similar in character, and the following will serve as a specimen of all:

"Whether the said defendants, or either, and which of them, have at any time, and when, and during what period of time, made, used, and sold any, and how many, horse hay-forks, or harpoon hay-forks, constructed, in whole or in part, upon the principles and in the manner described in said reissue letters patent, No. ——, granted to said Edward L. Walker, as aforesaid. Describe minutely and in detail their construction and operation."

To this bill the defendants filed a special demurrer, and, for cause, showed, that it appears by the said bill that the same is exhibited against those defendants for three several and distinct matters and causes, to wit, for alleged infringements of three several and distinct letters patent in said bill set forth, which three several letters patent are of different dates, and for separate and distinct alleged improvements, one of said letters patent being for an alleged improvement in hay-elevators, patented to one Edward L. Walker; another of said letters patent being for an alleged improvement in hay-elevators, patented to one Seymour Rogers, and the other being for an alleged improvement in horse hay-forks, patented to one Seymour Rogers, which several alleged improvements, it appears by the said bill, are not necessarily connected together in practical operation or use, nor common to any one hay-fork, or horse hay-fork, or harpoon horse hay-fork, made by these defendants;

so that said complainants, by their single bill of complaint aforesaid, charge the infringement of each of said letters patent, and thereby seek to compel these defendants to unite these separate and distinct subject-matters, wholly unconnected with and entirely independent of each other, and calling for three several, separate, and distinct defenses, depending severally upon distinct and different proofs, so as to complicate and embarrass these defendants in their answer to said bill of complaint, by reason whereof said bill of complaint is altogether multifarious.

Bruce & Negley, for complainants.
G. H. Christy, for defendants.

McKENNAN, Circuit Judge. The defendants have demurred to the bill in this case on the ground of multifariousness. The bill sets up three distinct patents, viz.: A reissue to Edward L. Walker for an improvement in hay-elevators, dated December 18, 1866; a reissue to Seymour Rogers for an improvement in hay-elevators, dated May 29, 1866; and an original patent to Seymour Rogers, for an improvement in horse hay-forks, dated March 26, 1866,—the title to all of which is vested in the complainants by various assignments. These improvements are not necessarily embodied in the construction and operation of any one hay-fork, and unless they are identified by the frame of the bill the defendants cannot be subjected to the embarrassment of confounding defenses, which may be severally applicable to each patent. The bill charges that the defendants are now constructing and using, and vending to others to be used, hay-forks of the kind and description known in the trade as "harpoon horse hay-forks," in some parts thereof substantially the same as in the said several letters patent mentioned. There is no explicit averment here that forks, made and sold by the defendants contain all the improvements embraced in the complainants' patents, and the interrogatories clearly indicate that a discovery is sought touching only the several infringements of each patent. The bill, therefore, does not show any reason why the joining of multifarious causes of complaint should be allowed, and the demurrer must be sustained.

[For another case involving this patent, see Nellis v. Pennock Manuf'g Co., 13 Fed. 451.]