GILLELAND (PENNOCK v.). See Case No. 10,942.

GILLES (BROWN v.). See Case No. 2,007.

GILLESPIE (BEECHER v.). See Case No. 1,224.

---

## Case No. 5,434.

### GILLESPIE v. CUMMINGS.

[3 Sawy. 259; 1 Ban. & A. 587.] [1]

Circuit Court, D. California. Dec. 21, 1874.

PATENTS—MULTIFARIOUSNESS.

1. Where two separate patents for improvements in the manufacture of brooms owned by the complainant are alleged to have been infringed by the defendant, and the broom manufactured by the defendant appears to be an infringement of both patents, the bill is not bad for multifariousness.

[Cited in Hayes v. Dayton, 8 Fed. 705; Deering v. Winona Harvester Works, 24 Fed. 90.]

2. Where the right to both patents alleged to be infringed for the state of California, has been assigned to complainant, the bill is not bad for multifariousness, because the assignment of one of the patents also embraces other territory than the state of California.

[In equity. Bill by James Gillespie against James H. Cummings. Heard on demurrer to the bill.]

J. V. O'Brien, for complainant.
Tully R. Wise, for defendant.

SAWYER, Circuit Judge. This is a suit in equity to restrain the infringement of two certain patents for improvements in the manufacture of brooms, one [No. 102,936] dated May 10, 1870, issued to William S. Hancock, and the other [No. 106,021] dated August 2, 1870, issued to James H. Anderson, the right to one of which for the Pacific coast, and to the other for the state of California, have been assigned to complainants. Defendant demurs for multifariousness: Firstly, on the ground that the infringement of each patent is a separate and distinct cause of action and that the two cannot be joined in the same bill. Secondly, that the assignment of the patent right to the two patents is not for the same territory. Although it might be more directly and specifically alleged, I think it sufficiently appears that the same broom made by the defendant, if an infringement at all, must be an infringement of both patents. There is, therefore, a common point to be litigated, and much of the testimony must, from the nature of things, be applicable to both patents. So, also, the assignment of both patents embraces the state of California. Whatever the rule might be, if the several assignments covered no part of the same territory, these assignments do cover the state of California. I think the bill not bad for multifariousness on either ground. The principles laid down

1 [Reported by L. S. B. Sawyer, Esq.; reprinted in 1 Ban. & A. 587; and here republished by permission.]

---

in Nourse v. Allen [Case No. 10,367], and Central Pac. R. Co. v. Dyer [Id. 2,552], appear to me applicable.

Demurrer overruled, with leave to answer upon the usual terms.