HORE (SCOTT v.). See Case No. 12,535.

---

## Case No. 6,703.

HORMAN PATENT MANUF'G CO. v. BROOKLYN CITY R. CO.

[15 Blatchf. 444; 4 Ban. & A. 86; 7 Reporter, 295.] [1]

Circuit Court, E. D. New York. Jan. 10, 1879.

PATENTS—INFRINGEMENT—EQUITY PLEADING.

1. A bill in equity, on two patents, alleged that the defendant was using machines containing, in one and the same apparatus, the inventions secured by each of the two patents. The defendant demurred, on the ground that the bill did not allege that the devices were used conjointly or connected together in any one ap-

---

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge; reprinted in 4 Ban. & A. 86; and here republished by permission.]

paratus: *Held*, that the demurrer must be overruled.

[Cited in Hayes v. Dayton, 8 Fed. 704; Griffith v. Segar, 29 Fed. 707.]

2. Equity permits the joinder of several causes of action in a single bill, but not when the effect would be to embarrass the defendant, or introduce unnecessary confusion.

[Cited in Hayes v. Dayton, 8 Fed. 705.]

[This was a bill in equity by the Horman Patent Manufacturing Company against the Brooklyn City Railroad Company to recover damages for the alleged unlawful use of reissued letters patent Nos. 8013, and 8014, granted to W. H. Horman December 25, 1877, and July 25, 1877, respectively. The original letters patent Nos. 165,832 and 171,133 were granted July 20, 1875, and December 14, 1875, respectively.]

John Van Santvoord, for plaintiff.
Frost & Coe, for defendant.

BENEDICT, District Judge. This is an action for an injunction and to recover damages for the use by the defendant of certain machines employed for the purpose of registering fares in railroad cars. The bill, after describing two separate patents owned by the plaintiff, being reissues Nos. 8,013, and 8,014, charges that the defendants are using some registering machines, some of them containing, in one and the same register or apparatus, the inventions, or substantial and material parts of the inventions, described and secured in and by, each of the said reissued letters patent Nos. 8,013 and 8,014. To this bill the defendants demur, and allege, as ground of demurrer, that the several devices described in the two patents referred to in the bill are not alleged to have been made, sold, or used by the defendants conjointly or connected together in any one fare register.

It may be open to question whether the bill charges a single cause of action, when it sets forth the use of devices secured by separate patents, although such use is stated to occur in one and the same machine. But, the bill, if it be considered to set forth two causes of action, may, nevertheless, be good, for equity permits the joinder of several causes of action in a single bill. Such joinder is not, however, permitted when the effect will be to embarrass the defendant, or introduce unnecessary confusion into the cause. Whether that will be the effect in any particular case must depend, in a great measure, upon the nature of the controversy, and no general rule has been laid down by which all cases can be determined. In the present instance, as the question is raised by demurrer, the point to be decided is, whether the averments of the bill show the controversy to be of such a character that prejudice to the defendant will result from permitting the joinder, in one action, of the two transactions set forth. The argument made in behalf of the defendant requires the inference, that prejudice will result to the defendant, if he is called on to answer to a charge of infringing two patents, by the use, in a single machine, of devices that are not necessarily used in connection with each other. But no such inference can be drawn. On the contrary, in the absence of any other fact, the circumstance that the two transactions complained of are the use, in a single fare registering machine, of two patented devices connected with the mechanism of the machine, warrants the inference that no prejudice will result to the defendant from the joinder of the two transactions.

A bill similar to the present was upheld in Nourse v. Allen [Case No. 10,367], and I do not find the authority of that case shaken by the case of Nellis v. McLanahan [Id. 10,099], upon which the defendant relies; for, it seems, that, in that case, the bill would have been held good if it had averred, as this bill does, that the machine made and sold by the defendant contained devices covered by each of the patents set forth in the bill. The case of United Nickel Co. v. Manhattan Brass Manuf'g Co. [Id. 14,410], decided by Judge Blatchford, furnishes no support to this demurrer, for the reason, that the bill in that case was essentially different from the bill in the present case, and no opinion was delivered.

Nor can the defendant find support in the case of Seymour v. Osborne, 11 Wall. [78 U. S.] 516, 559, which simply decides, that, where the bill sets forth several patents, all appertaining to the same general subject, and all required to constitute a complete machine, and all embodied in the machines which the complainants furnish, the bill will be upheld.

I am unable, therefore, from the bill itself, to say, in this case, that any prejudice will result from the joinder of the several transactions therein described, and there must be judgment for the complainant upon the demurrer, with leave to the defendant to answer, on payment of costs.

Demurrer overruled.