## HAYES *v.* DAYTON.

*(Circuit Court, S. D. New York.  November 10, 1880.)*

1. EQUITY PLEADING—MULTIFARIOUSNESS—INFRINGEMENT OF LETTERS PATENT.

A bill brought by a patentee to recover profits and damages for an alleged infringement of 38 claims in six different patents, is demurrable on the ground of multifariousness, where there is nothing in the bill to show that any two or more of the patents are in fact, or are capable of being, used in making a single structure, or that the defendant has so used them, and where the defendant would be clearly prejudiced by being compelled thus to defend himself in one suit against so many alleged causes of action.

2. EQUITY RULE 37 CONSTRUED.

Equity rule 37 applies where a demurrer and an answer are put in at the same time to the whole of a bill.

*J. H. Whitelegge*, for plaintiff.

*G. G. Frelinghuysen*, for defendant.

BLATCHFORD, C. J.  The bill in this case states that the plaintiff invented certain "improvements in ventilators, skylights, skylight turrets, conservatories, and other glazed structures and ventilating louvres" described in "several letters patent and reissues thereof." It then avers that he obtained six several patents, Nos. 94,203 and 100,143 and 106,157 and 112,594 and 143,149 and 143,153; that he obtained reissues of all of them, the reissues being six in number, one of each, (though it does not appear of which original any particular reissue is the reissue,) the reissues being numbered 8,597 and 8,674 and 8,675 and 8,676 and 8,688 and 8,689; and that since the reissues the defendant has, without authority, infringed said several reissues, and made, used, and sold said inventions.  The bill interrogates the defendant as to whether he has made and sold "ventilators, skylights, skylight turrets, conservatories, and other glazed structures, and ventilating louvres, and embraced within any or either" of the said "several letters patent and reissued letters patent;" also, in four several questions, as to whether he has made, sold, or used what is claimed in each one of four claims in reissue No. 8,597, quoting it; and the like as to each one of fifteen claims in reissue No. 8,674, and of seven claims in reissue No. 8,675, and of two claims in reissue No. 8,676, and of seven claims in reissue No. 8,688, and of three claims in reissue No. 8,689, there being 38 several claims thus inquired about.  The bill prays for a recovery of the profits and damages from the said unlawful making, using, and selling by the defendants of the said "improvements in ventilators, sky-

lights, skylight turrets, conservatories, and other glazed structures, and ventilating louvres."

The defendant demurs to the whole bill, and in the demurrer shows, for cause of demurrer,—

"That it appears by the said bill that it is exhibited against this defendant for several and distinct matters and causes, in many whereof, as appears by said bill, the defendant is not in any manner interested or concerned, and which said several matters and causes are distinct and separate one from the other, and are not alleged in said bill to be conjointly infringed by said defendant. By reason of the distinct matters therein contained the complainant's bill is drawn out to considerable length, and the defendant is compelled to take a copy of the whole thereof, and by joining distinct matters together, which do not depend on each other, in the said bill, the pleadings, orders, and proceedings will, in the progress of the said suit, be intricate and prolix, and the defendant be put to unnecessary charges in taking copies of the same."

The defendant, "not waiving his said demurrer, but relying thereon," has put in simultaneously an answer to the whole bill.

This demurrer does not use the word "multifarious." A bill is multifarious when it improperly unites in one bill, against one defendant, several matters perfectly distinct and unconnected, or when it demands several matters, of a distinct and independent nature, against several defendants, in the same bill. The reason of the first case is that the defendant would be compelled to unite, in his answer and defence, different matters wholly unconnected with each other, and thus the proofs applicable to each would be apt to be confounded with each other, and delays would be occasioned by waiting for the proofs respecting one of the matters when the others might be fully ripe for hearing. The reason of the second case is that each defendant would have an unnecessary burden of costs, by the statement in the pleadings of the several claims of the other defendants with which he has no connection. Story, Eq. Pl. § 271.

The demurrer in this case is intended to be a demurrer for misjoining causes of suit against one defendant. Yet much of it is inapplicable to such a case, and is taken from a form which applies only to the case of a demurrer by one of two or more defendants, who has no concern with causes of action stated against the other defendants, such a demurrer being really a demurrer for a misjoinder of parties. Story, Eq. Pl. § 530, and note 3, where is to be found the form improperly used in this case. Yet there seems to be enough left, after rejecting as surplusage the improper and unnecessary part, to raise the point intended. The demurrer, in regard to misjoining causes of

suit against the defendant, substantially avers that the bill is brought for several matters and causes which are separate and distinct one from the other, and are not alleged to be conjointly infringed by the defendant. This means that the patents sued on are distinct one from the other, and that they are not alleged to be conjointly infringed in any one article which the defendant has made or used or sold. This averment of the demurrer is true.

Where there is a joinder of distinct claims between the same parties, it has never been held, as a general proposition, that they cannot be united, and that the bill is, of course, demurrable for that cause alone. Nor is there any positive, inflexible rule as to what, in the sense of courts of equity, constitutes a fatal multifariousness on demurrer. A sound discretion is always exercised in determining whether the subject-matters of the suit are properly joined or not. It is not very easy, *a priori*, to say exactly what is or what ought to be the true line regulating the course of pleading on this point. All that can be done, in each particular case as it arises, is to consider whether it comes nearer to the class of decisions where the objection is held to be fatal, or to the other class, where it is held not to be fatal. In new cases the court is governed by those analogies which seem best founded on general convenience, and will best promote the due administration of justice, without multiplying unnecessary litigation on the one hand, or drawing suitors into needless and oppressive expenses on the other. Story, Eq. Pl. §§ 531, 539; *Horman Patent Manuf'g Co.* v. *Brooklyn City R. Co.* 15 Blatchf. 444.

We are not without cases on the subject, in suits on patents, in this country. In *Nourse* v. *Allen*, 4 Blatchf. 376, in 1859, before Mr. Justice Nelson, a bill on four patents was held good, on demurrer, where it alleged that the machine sued contained all the improvements in all the patents. The court thought that the convenience of both parties, as well as a saving of the expenses in the litigation, seemed to be consulted in embracing all the patents in one suit, in such a case; and that although the defences, as respected the several improvements, might be different and unconnected, yet the patents were connected with each other in each infringing machine.

In *Nellis* v. *McLanahan*, 6 Fish. Pat. Cas. 286, in 1873, before Judge McKennan, it was held that where a suit in equity is brought for the infringement of several patents for different improvements, not necessarily embodied in the construction and operation of any one machine, the bill must contain an explicit averment that the infring-

ing machines contain all the improvements embraced in the several patents, or it will be held bad for multifariousness, on demurrer.

In *Gillespie* v. *Cummings*, 3 Sawy. 259, in 1874, before Judge Sawyer, the bill was founded on two patents for the manufacture of brooms. There was a demurrer on the ground of the joinder of two separate and distinct causes of action. It appearing by the bill that the defendant's broom, if infringing, must be an infringement of both of the patents, and that there was, therefore, a common point to be litigated, and much of the testimony must, from the nature of things, be applicable to both the patents, the bill was held good.

In *Horman Patent Manuf'g Co.* v. *Brooklyn City R. Co.* 15 Blatchf. 444, in 1879, before Judge Benedict, a bill in equity on two patents alleged that the defendant was using machines containing, in one and the same apparatus, the inventions secured by each of the two patents. It was demurred to on the ground that it did not allege that the devices were used conjointly or connected together in any one apparatus, but the demurrer was overruled. The court held that as the bill did not show the controversy to be of such a character that prejudice to the defendant would result from the joinder in one action of the causes of action joined, the bill must be sustained. The court was of opinion that, in the absence of any other fact, the circumstance that the two transactions complained of were the use, in a single machine, of two patented devices connected with the mechanism of the machine, warranted the inference that no prejudice would result to the defendant from the joinder of the two transactions.

The decisions above cited all tend in one direction. The decision in *Case* v. *Redfield*, 4 McL. 526, if limited, as it apparently ought to be, to the case of an original patent, and of another patent granted, in terms, as an improvement on the original patent, is not like the present case, as shown by the bill. It is a case difficult to understand, and, if it were like the present case in its facts, whatever there is in the decision of it tending to sustain the bill in this case, is opposed to all the other cases on the subject.

The present case appears to be a suit on 38 claims in 6 different patents. There is nothing to show that any two or more of the patents are in fact, or are capable of being, used in making a single structure, much less that the defendant has so used them. So far as the bill shows, the causes of action are as distinct as the patents.

The patents are not shown to be connected with each other in every infringing machine, or to be used at the same time in any infringing machine. The controversy in this suit appears from the bill to be of such a character that prejudice will result to the defendant from being called on to defend in one suit against 38 claims in 6 different patents, no two of which claims, so far as the bill shows to the contrary, are employed in any one machine. On this ground the bill must be held bad.

The plaintiff contends that the putting in of an answer to the whole bill is a waiver of the demurrer. Rule 32 in equity permits a demurrer to a part of a bill, a plea to a part, and an answer as to the residue. If, impliedly, that rule forbids a demurrer to the whole bill, and, at the same time, an answer to the whole bill, the plaintiff's remedy is by moving to strike out either the answer or the demurrer, or to compel the defendant to elect which he will abide by. By going to argument on the demurrer the plaintiff waives the benefit of the objection now taken, if otherwise he would have it. Moreover, rule 37 in equity provides that "no demurrer or plea shall be held bad and overruled upon argument, only because the answer of the defendant may extend to some part of the same matter as may be covered by such demurrer or plea." This rule was first made in March, 1842, to take effect August 1, 1842. 17 Pet. lxvii. There was no such rule in the prior rules of March, 1822, (7 Wheat. v,) although rule 18 in such prior rules was the same as the above present rule 32. Under the rules of 1822, not only had it been held (*Furguson* v. *O'Hara*, Pet. 493) that where there was a plea joining to the whole bill, and also an answer to the whole bill, the court would, on the plaintiff's motion, disallow the plea on the ground of its being overruled by the answer, but Judge Story had held, in 1840, in *Stearnes* v. *Page*, 1 Story, 204, that where a plea stated a ground why the defendant should not go into a full defence, and yet the defendant answered putting in a full defence, it would be held on the argument of the plea that the answer overruled the plea. Then rule 37 was made. It applies to the present case.

The demurrer is allowed, with costs.