SHICKLE and others *v.* SOUTH ST. LOUIS FOUNDRY Co.[1]

*(Circuit Court, E. D. Missouri.   October 16, 1884.)*

1. PATENTS—PLEADING.

A bill for the infringement of several patents upon machines cannot be maintained except where the machines covered by the patents have been used conjointly.

2. SAME—SAME PARTIES.

Where a corporation is sued for the infringement of a patent, and officers of the company are made parties, the fact that they are such officers should be averred.

Demurrer to Bill for the Infringement of Patents.

*Edward J. O'Brien,* for complainant.

*George H. Knight* and *Horatio D. Wood,* for defendants.

TREAT, J., *(orally.)*   There are three defendants named here, and not the slightest connection is shown as to their relationship to each other.   Are they using the same machine?   Are they partners?   How is it that they are parties to this one proceeding?

*Mr. O'Brien.*   The reason they are made so is that they are officers of the corporation.

*The Court.*   You ought to aver it, then.

*Mr. O'Brien.*   But my investigation into the matter led me to make the bill without that averment, because the averment might carry with it a degree of uncertainty that hereafter might be a defect in the case.

*The Court.*   That makes no difference.   If, at the time of the institution of your suit, and thereafter, there was an infringement of your rights in connection with other defendants, they must answer. The change would not discharge them from that obligation.   But the thought of the court is simply this: You sue on three patents.   To escape multifariousness, you say they are susceptible of conjoint use, and that the defendant has used them—one or more, you need not say all—in violation of your rights.   That would establish all that you need in regard to that allegation on which your rights depend, as against those who have infringed.   If you wish to sue three parties instead of one, you *must say* that they are conjoined in some way, otherwise you would have three independent matters and suits against three independent defendants, who may have no association with each other, and be entirely disconnected from the transaction that you are desirous of connecting them with.   Now it is a very simple matter to amend.   If the Kilpatricks are officers of that corporation, so aver. If it is a machine patent, as Mr. Woods says, that these parties are using, and if it is true that it is the uniting of your three patents, so say.   If that be not true, then aver one or more of your patents that they put into this complicated machine.   One is as good as twenty.

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

They have no right to take your patent and put it into a combination, where it is an essential element. Make that allegation to show which the patents are, and that your three patents were susceptible of and are being conjointly used by the defendants; or, if that be not true, that one or more of them is used. I will sustain the demurrer, as it involves the matter of phraseology, and will allow you to amend, as suggested by the court, to show what connection your patents have with the South St. Louis Foundry Company. If these parties are officers, say so; that cures that; and then that they are using these three patents conjointly. Then you will have no trouble when you come to the final determination.

*Mr. Wood.* The conjoint use must be all in one machine?

*The Court.* No; I don't hold anything about it. "Sufficient for the day is the evil." There is the averment. I am only talking of the simple question of pleading; as he chooses to sue on three patents. He cannot maintain a bill on three patents and escape multifariousness unless he says that they are susceptible of conjoined use, and are conjointly used. That must be his averment. If it turns out, as you seem to suggest, that these are different machines, and not a conjoint use, why, his bill will fail on the proof, and he will sue on the individual patents separately.