[No. 3774.]

## FRISHOLM ET AL. v. FITZGERALD.

1. MINING CLAIM—ADVERSE SUIT—FINDINGS OF TRIAL COURT.

In an action in support of an adverse, involving the right of possession of certain mining claims, where the defendant had perfected his location certificate by filing an additional certificate after the attempted locations by plaintiffs, and the evidence was conflicting as to whether plaintiffs' locations were made upon a valid discovery of mineral, and the findings of the trial court were general in their nature and in favor of defendant, it will be presumed that the trial court found that plaintiffs' locations were not made upon valid discovery of mineral, and that therefore they had acquired no intervening rights to the ground in question; and under the rule that the findings of the trial court on conflicting evidence is binding on the supreme court, the judgment will be affirmed.

2. MINING CLAIMS — LOCATION CERTIFICATE — AMENDMENT — STATUTORY CONSTRUCTION.

Although section 2400, Gen. Stats. provides that a mining claim location certificate that does not contain such description as shall identify the claim with reasonable certainty shall be void, yet this section is qualified by section 2409, which provides that a defective or erroneous certificate may be amended by filing an additional certificate, and the proviso that such relocation shall not interfere with the existing rights of others has no reference to amendments that are intended to cure defective certificates, but applies to the change of boundaries and relocations that take in territory not included in the original claim. Chief Justice Campbell and Mr. Justice Gabbert express no opinion as to the construction of the above statutes.

3. PRACTICE—EVIDENCE—ORDER OF INTRODUCTION.

The order in which testimony may be admitted is largely in the
discretion of the trial court, and a refusal to permit plaintiffs to
introduce evidence in rebuttal on a point upon which they had
introduced evidence in their case in chief, is not such an abuse of
discretion as to constitute reversible error.

*Appeal from the District Court of Lake County.*

THIS is an action brought in support of an adverse, and involves the right to the possession of certain mineral land in California Mining District, Lake county, Colorado. The appellee, defendant below, who is seeking to obtain a patent for the land in controversy, claims the right thereto by virtue of certain lode locations alleged to have been made in 1892, and known as the Belle of the West, Warren B. Fitzgerald, Spar, and Jesse Gray lode mining claims. The appellants, plaintiffs below, base their claim thereto upon five locations alleged to have been made in 1894, called the Defiance lode claims, numbered from one to five, inclusive. The locations of the parties cover substantially the same ground, and the principal controversy was over the validity of these respective locations. The testimony as to whether the appellants' locations were made upon a discovery of mineral in rock in place is conflicting and leaves that question very much in doubt. On the other hand, it is clearly shown that prior to their attempted location, appellee, by quite extensive developments, had disclosed in each of his claims a well defined mineral-bearing vein. There was also testimony to the effect that there was a proper staking or marking of their boundaries, and an attempted compliance with the law respecting the filing of location certificates. These certificates were defective in that they contained no reference to a natural object or permanent monument. For the purpose of curing this defect, amended or additional certificates containing this reference were filed in January and March, 1895.

The case was tried to the court, and resulted in a judg-

ment in favor of appellee.    To reverse this judgment the case is brought here on appeal.

Mr. WM. A. HARRISON and Messrs. PHELPS and PENDERY, for appellants.

Mr. JOHN A. EWING, for appellee.

MR. JUSTICE GODDARD delivered the opinion of the court.

The only assignments of error that require consideration are those based upon the admission and rejection of testimony. The court, over the objection of appellants, admitted in evidence the original and amended certificates of appellee, and refused to permit appellants to introduce testimony in rebuttal for the purpose of showing that at the time of his attempted locations there were no stakes upon the ground in question.    In support of the first objection it is contended that the original certificates, by reason of the defect above mentioned, were void, and that no amendment could be made with a view of curing such defect after appellants had undertaken to relocate the ground.

We think this objection might be disposed of upon the presumption that the court must have found from the evidence that appellants' locations were not made upon a valid discovery of mineral; and therefore that they had acquired no intervening rights to the ground in question.    But, in view of the fact that errors and omissions in original location certificates are of such common occurrence, and of the frequent attempts to defeat and avoid an otherwise valid location because of such defects, we will dispose of the objection upon the assumption that appellants' locations were made upon a valid discovery; and that, in so far as they might thereby acquire intervening rights, they have done so; and determine whether, under such circumstances, a defective certificate is susceptible of amendment.    While by sec. 2400, Gen. Stats. it is declared that a certificate that shall not contain such

description as shall indentify the claim with reasonable certainty shall be void, yet by sec. 2409 it is provided:

" If at any time the locator of any mining claim heretofore or hereafter located, or his assigns, shall apprehend that his original certificate was defective, erroneous, or that the requirements of the law had not been complied with before filing, or shall be desirous of changing his surface boundaries, or of taking in any part of an over-lapping claim which has been abandoned, or in case the original certificate was made prior to the passage of this law, and he shall be desirous of securing the benefits of this act, such locator, or his assigns, may file an additional certificate, subject to the provisions of this act; *Provided*, that such re-location does not interfere with the existing rights of others at the time of such re-location, and no such re-location or other record thereof shall preclude the claimant or claimants from proving any such title or titles as he or they may have held under previous location."

The latter section, by providing that a defective or erroneous certificate may be amended, must be understood as qualifying the declaration in the former that such a certificate is void, since, to be susceptible of amendment, it must have some force and validity. As said by Judge Hallet in speaking to this point in *McEvoy v. Hyman*, 25 Fed. Rep. 596; 15 Morrison's Mining Reports, p. 397:

" A void thing is null, and not subject to amendment. A thing *in esse* is a condition precedent to the exercise of the power of amendment, for a living graft cannot be put on a dead stock, therefore it is not correct to say that an imperfect certificate is void; when amended it has full life, and the amendment takes effect with the original as of the date of the latter."

It will be seen that this section treats of two subjects: *First*, it provides for the correction of errors and defects occurring in the original certificate; *second*, it authorizes a change of boundaries, and the taking in of territory not included within the original location. The plain purport and effect of the first clause is to enable the miner, who in good

faith has gone upon the public domain and expended time and money in performing the substantial acts required to locate a mining claim, but through inadvertence or ignorance has failed to comply with the requirements of the statute in describing his claim, to cure such error at any time by an amendment correcting the defective description, and thus perfect his record, as of the date of his original certificate. We do not understand that the proviso in relation to existing rights has reference to amendments of this character, but is only applicable to a change of boundaries and relocation that should take in territory not before included within the claim. This is the plain import of the language used; and with this construction the statute may be made effectual to protect the rights of the locator without prejudicing any of the interests that third parties may have rightfully acquired. This construction of the proviso was adopted in *McEvoy v. Hyman, supra.* In *Strepey v. Stark,* 7 Colo. 614, it is said:

"And even when the certificate, for any of the reasons set forth in the statute, is deemed 'void,' it has been held admissible, in connection with a valid amended certificate correcting the defects of the original. *Van Zandt v. Argentine M. Co.,* 2 McCrary, 159. In support of this holding two principal reasons may be mentioned: First, the original certificate showing the date of location and record, although fatally defective in matter of description or otherwise, may well be considered as an element tending to show good faith on the part of the locator in attempting to comply with the law in making his location; second, the introduction of such original together with the amended, or, as it is termed in the statute, 'additional' certificate, may offer a means of comparison in respect to description and surface boundary of the premises located, whether the first is identical with that described in the additional certificate, or whether it embraces the precise ground of any portion thereof claimed by either of the contesting parties otherwise than according to such original location."

We think, therefore, that the court properly admitted the

original and amended certificates of appellee in evidence. It is further urged that the court erred in excluding certain evidence offered in rebuttal. In presenting their case in chief, the appellants introduced two witnesses to show that there were no boundary stakes upon the ground in question at the time of their attempted location. In support of his case, the appellee introduced evidence to show that in locating his claims, he had marked their surface boundaries with corner and sideline stakes, and that these stakes were still standing during the spring and summer of 1894, and until they were replaced by the patent stakes. The appellants then attempted to introduce further evidence upon this question, which the court excluded for the reason that, by electing to introduce evidence upon this point in their case in chief, they were precluded from offering further evidence on rebuttal.

While we think that this testimony might properly have been received at this time, yet, since the order in which testimony may be admitted is largely in the discretion of the trial court, we are not prepared to say, in view of the manner in which this case was tried, and the manifest correctness of the court's conclusion upon the merits of the controversy, that it was such an abuse of discretion as would constitute reversible error. Upon a careful examination of the record, we are satisfied that no error intervened upon the trial of the cause that would justify a reversal. The judgment of the district court is accordingly affirmed.

*Affirmed.*

CHIEF JUSTICE CAMPBELL concurring specially.

As I understood this record, the plaintiffs were not entitled to recover unless, among other things, they established that their locations were based upon a valid discovery of mineral. The findings of the trial court were general in their nature, and in favor of appellee. The testimony was conflicting, and under the general rule of this court, the find-

ings should not be disturbed. The judgment may therefore be affirmed upon this ground alone.

As to the meaning of the sections of our statute construed by Mr. Justice Goddard, I express no opinion, for the reason that I do not consider it a question necessary to be determined in this case. I am authorized by Mr. Justice Gabbert to say that he concurs with me in the views herein expressed.