DAIMLER MFG. CO. et al. v. CONKLIN.

(Circuit Court, S. D. New York. June 15, 1906.)

1. EQUITY—PLEADING — BILL — MULTIFARIOUSNESS — PATENTS — SUIT FOR INFRINGEMENT.

Allegations in a bill for infringement of a number of patents that the inventions, each and all of them, are applied to a machine, and that defendant is using a machine "in which is embodied each and all of the inventions, improvements, or discoveries of said letters patent," and is infringing all of said patents, are equivalent to an allegation that the inventions are conjointly used and infringed, and the bill is not objectionable on the ground of multifariousness, and especially where profert is made of the patents, which show that each of the inventions is a part of a machine, and incapable of independent use.

[Ed. Note.—For cases in point, see vol. 19, Cent. Dig. Equity, § 341.]

2. PATENTS—SUIT FOR INFRINGEMENT—PARTIES—JOINDER OF COMPLAINANTS.

Where a bill for infringement of patents alleges that a licensee has an interest in the patented inventions which is capable of being impaired by the asserted infringement of defendant, he may properly be joined as a complainant.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, § 470.]

In Equity. On demurrer to bill.

Taylor & Anderson and Howard Taylor, for complainants.
Henry M. Earle, for defendant.

HAZEL, District Judge. The bill charges infringement of four United States letters patent of which complainant corporation is the owner. The defendant has demurred thereto on the grounds that the bill is multifarious, in that it contains no allegation that the patents are capable of conjoint use, or are conjointly used or infringed by defendant, and that there is an improper joinder of parties complainant. The allegations of the bill that "the inventions aforementioned, and each and all of them, are applied to a machine," etc., and that the defendant imported and now uses a Mercedes machine, "in which is embodied each and all of the inventions, improvements, or discoveries of said letters patent," and further, that the defendant "is now infringing each and all of the letters patent aforesaid," etc., are the full equivalent of an allegation that the patents are conjointly used and conjointly infringed by the defendant. Manifestly, the bill need not set forth that the patents are capable of conjoint use, for, as stated, it charges that the four different patented inventions are embodied and used in the defendant's machine. Furthermore, the patents of which profert is made indicate that the inventions are integrally attached to a machine, and therefore it is evident that they are capable of conjoint use. If the patents could be used independently—for instance, a wrench or lamp may be used generally on automobiles or on a wagon—it is thought a different question would be presented. But where the parts patented are actually embodied in the machine, an allegation that they are so combined is thought to be sufficient, and the subject-matters may be properly joined in a single action for infringement of such patents. It is sometimes difficult to perceive whether several patented devices alleged to be in-

fringed are capable of conjoint use, and, accordingly, an inspection of the patents is helpful to ·determine· whether the defendant is likely to be prejudiced by trying out the questions arising under separate and distinct patents. Hayes v. Dayton (C. C.) 8 Fed. 702. As the patents under consideration indicate that all the inventions are capable of being united in a single machine, it follows that the defendant cannot be prejudiced if the question of the asserted infringements be disposed of in this suit.

Referring to the objection that there is an improper joinder of parties complainant, I think the bill prima facie sufficiently avers the license to Lehman-Charley to indicate its exclusive character in the territory specified. In any event, the bill alleges that Charley had an interest in the patented inventions, which is capable of being impaired by the asserted wrongful acts of the defendant, and, accordingly, he is thought to be a proper party complainant. Robinson on Patents, § 1098; Williams et al. v. Bankhead, 19 Wall (U. S.) 563, 22 L. Ed. 184; Birdsell et al. v. Shaliol, 112 U. S. 485, 5 Sup. Ct. 244, 28 L. Ed. 768. .

The demurrer to the bill is overruled, with costs. Defendant may answer within 20 days.