KAISER et al. v. BORTEL et al.

(Circuit Court, N. D. New York. July 28, 1908.)

PATENTS—SUIT FOR INFRINGEMENT—MISJOINDER OF PARTIES OR CAUSES.

Joint owners of one patent, one of whom is also sole owner of another patent, cannot join in a suit in equity for the infringement of both, although it is alleged that the devices of the two are capable of conjoint use and are so used by complainants, and that defendants jointly infringe both patents, where it is not alleged that they make, vend, or use any single device which infringes both.

In Equity. On demurrer to bill of complaint in suit for infringement of two patents on the grounds there are two separate and distinct causes of action stated, and that all the parties complainant are not interested in both, that there is a misjoinder of parties complainant, and the bill does not charge conjoint use of device of both patents by the defendants in one and the same structure.

Robinson, Martin & Jones, for complainants.
Howard P. Denison, for defendants.

RAY, District Judge. Lipman Kaiser, complainant, is "the sole owner of all rights and privileges granted and secured or intended to be granted and secured by said letters patent" viz., patent to Ruggiero and Bongiorno for "Horn for phonographs or similar machines,"

No. 770,024, dated Sept. 13, 1904. The complainant Alfred R. Cunnius is the owner of a one half interest in letters patent issued to him March 7, 1905, for "Trumpet for talking-machines," No. 784,385, and he has assigned the other half interest therein to the complainant Kaiser. The suit is for infringement of both letters patent. The inventions or devices described in both letters patent are capable of conjoint use, and complainants do so use them; but there is no allegation that defendants so use them, or that complainants are united in business as copartners, or otherwise, except it is alleged that they do conjointly use the said patented inventions. Kaiser has not transferred any interest in the patent for horn for phonographs to Cunnius so far as appears. The bill of complaint contains the following:

"(6) * * * That the inventions and improvements shown, described, and claimed in said letters patent Nos. 770,024 and 784,385, are of such a character as to be capable of conjoint use in one and the same device, and are thus conjointly used by your orators in one and the same device."

"(9) * * * That the said defendants, * * * in infringement of the aforesaid letters patent Nos. 770,024 and 784,385, did, as your orators are informed and believe, unlawfully and wrongfully, and in defiance of the rights of your orators, in the city of Syracuse, in the county of Onondaga, and state of New York, and within the Northern district of New York, and elsewhere in the United States, jointly make and use, and vend to others to be used, horns for phonographs or similar machines and trumpets for talking-machines, substantially similar in some or all of the material parts thereof, to the improvements set forth and claimed in the aforesaid letters patent Nos. 770,024 and 784,385, and that they still continue so to do. * * *

"(10) * * * That the said defendants have made and sold and used, and are making, selling, and using, large quantities of the said infringing horns for phonographs or similar machines and trumpets for talking-machines, and have large quantities on hand which they are offering for sale, and that they have made and received large profits and advantages therefrom, but to what extent and how much exactly your orators do not know and pray discovery thereof."

Here is an allegation that both defendants have infringed each patent; but, for anything that appears, Cunnius has no interest whatever in the infringement of letters patent No. 770,024, horn for phonographs, except that he and Kaiser do use the invention of both patents conjointly; but this fact gives Cunnius no interest in the right to enjoin defendants from infringing that patent or in a recovery of profits or damages for such infringement. That cause of action resides in Kaiser solely. He owns the patent and all interest in it. What right has Cunnius to maintain an action against the defendants for their infringement of that patent? And how is he interested in the question of such infringement, how does it affect him? That he is using it with Kaiser, presumably with Kaiser's consent, does not make him joint owner or a sole licensee. As to the other patent, No. 784,385, "trumpet for talking-machines," both complainants are owners, and both are interested to maintain the suit, and as defendants are "jointly" making and using, and vending to others to be used, the said patented device, both defendants are properly united in the one action so far as that patent and that infringement is concerned.

We have this state of facts, viz.: Kaiser and Cunnius own one patent, Kaiser owns the other patent, Kaiser and Cunnius use the patented devices conjointly, and they are capable of being so used, and so

far they are united in business; but the extent of the right of Cunnius in the horn for phonographs patent is measured by the mere fact that he and Kaiser do use that invention conjointly with the other. We imply a license to Cunnius so to do—a consent that he may—but this is far from showing an interest in Cunnius to enjoin others from infringing that patent. So far as appears, the infringement of each patent by defendants is a separate and distinct act. It is not charged that defendants jointly make and use, or vend to others to use, a single device which infringes both patents; that is, they do not make or sell an infringing device which embodies in one and the same structure the inventions claimed in both of the patents in suit. That a separate and distinct action by Kaiser alone on his patent No. 770,024 against both defendants would lie is plain. So far as appears, the infringement of the patent owned by him solely in no way affects or concerns Cunnius or the patent or patented invention in which he has an interest. As to the other patent both complainants and both defendants are necessary parties. It is not even alleged that the investigation of the validity of the one patent involves that of the other or that the investigation of the acts constituting an infringement of the one patent in any way involves an investigation of the acts constituting an infringement of the other. I do not understand that, where the objection is taken in time, the mere fact that two complainants own a patent for one invention, and one of them owns another patent for another invention, and two or more persons are jointly infringing both patents, that one suit by both complainants may investigate both matters simply for the reason that the patented devices are capable of conjoint use and both complainants do use them conjointly. It is true that the law abhors a multiplicity of actions when it may be avoided, but this does not justify the union in one action of two distinct subject-matters in which only one of the complainants is concerned. The fact that these patented devices are capable of conjoint use by both defendants is not an allegation that they do use them conjointly, and that therefore an investigation of the acts alleged to constitute an infringement of the one will involve an investigation of the acts alleged to constitute an infringement of the other. The court may go far to permit the joinder of different causes of action in a patent case where the issues are largely the same and the evidence must be substantially the same as to infringing acts, even if both complainants are not legally concerned in both causes of action, provided both complainants have some equity or equitable interest in all the patents infringed, so that their interests are affected by the infringement.

I find no case that is on all fours with this. In Huber and Boyle v. Myers Sanitary Depot (C. C.) 34 Fed. 752, Huber owned one of the patents sued upon and was sole and exclusive licensee of the other patent sued upon, which was owned by complainant Boyle. The defendant made and sold machines each of which infringed both patents. Huber was entitled to maintain the action on his own patent and also on the Boyle patent by joining Boyle as complainant (North v. Kershaw, 4 Blatchf. 70, Fed. Cas. No. 10,311), but still Boyle was not interested in the patent owned solely by Huber. However, the apparatus or machine made and sold by defendant infringed both pat-

ents. Hence the proof of infringement as to both was largely the same, and Boyle was a necessary party, in any event as to the Boyle patent, but not as to the Huber patent. There is little difference between that case and the one now before this court in one aspect that of involving both patents in the one litigation, except that there the machine made by defendant infringed both patents, while here both defendants infringe each patent, but not by making or selling a single apparatus or device which infringes both patents. In so infringing they act jointly. In the Huber Case both complainants and the defendant were necessary parties as to the Boyle patent, but not as to the other, still, both patents being infringed by the defendant, such defendant could not be harmed by litigating both patents in the same suit. The acts of the defendants in infringing both patents must be investigated, if two actions were brought, twice over, while, if only one action was brought, the defendants would be saved the trouble and expense of going over the same evidence on that subject twice. Here the situation is somewhat different. As Cunnius has no interest in the Kaiser or horn patent, and one of the devices made by one defendant and one device made by the other infringe one patent only, and the other device made by the one defendant and the other device made by the other defendant infringe the other patent only, the trial of the question of infringement of the one patent in no way aids or involves the question of the infringement of the other patent. Still each defendant must answer as to the validity of each patent and as to his infringement of it in one suit, or in two suits, if two are brought, and if Cunnius is content to be a complainant as to his patent, or the one in which he has an interest, in the same suit with Kaiser on his patent and submit to the delay and expense incident to the trial of the infringement of the Kaiser patent, I do not see how one or both of the defendants can seriously complain. Uniting both causes of action in one suit in some aspects aids the defendants. In no way can it seriously embarrass them. Cunnius, in effect and to some extent, seems to be an oral licensee of the Kaiser patent, but not a sole licensee.

In Sharples et al. v. Moseley Mfg. Co. (C. C.) 75 Fed. 595, both complainants owned one patent sued upon, and one of the said complainants owned the other patent in suit, of which the other complainant was exclusive oral licensee. The single device made by defendant infringed both patents. Judge Wheeler said:

"The entire right of both patents is in the plaintiffs between them without any outstanding interest to menace the defendant in any other suit."

If two suits had been brought against the defendant, both complainants would have been necessary parties complainant in each suit, and the evidence as to the infringing acts in the one would have been a substantial duplication of that in the other. However, Judge Wheeler based his decision on the ground stated. I am not willing to hold that two complainants each owning a patent solely may sue in one action a defendant who is making two devices, one of which infringes one of the patents sued upon, and the other of which infringes the other patent sued upon, on the ground that the two complainants own the entire

right to both patents, so that there is no outstanding interest to menace defendant in another suit, and I do not think that is the fair import of Judge Wheeler's decision. In that case the one act and device of the defendant infringed both patents, and both the complainants were interested in and necessary parties to a suit for the infringement of each patent. Such is not this case.

In Chisholm et al. v. Johnson (C. C.) 106 Fed. 191, 210, 214, there were three complainants. They sued as copartners and sought relief in that capacity. The patents were not owned by the firm, however, but it was operating under them. Presumably the firm was licensed to use them. As here, the full or specific extent of their rights did not appear. Two of the patents sued upon were owned by all three of the complainants jointly or in common, in their individual capacity, and the two other patents sued upon were owned solely by one of such complaints. In that case the complainants waived damages and profits, so that it became a question of an injunction merely. The bill also alleged that the four patents sued upon were capable of conjoint use in the same structure, and that the defendant so used them in his alleged infringing structure. Hence the defendant's infringing act injured all the complainants, although in unequal degrees. All the complainants, as copartners operating under all the four patents, were injured by the same act of the defendant. Of course, in that case, the defendant might contest the validity of all four patents, and this would or might involve four distinct issues, for there were four alleged inventions. This he could do in a single suit as well as in two, three, or four suits. He might succeed as to one or more, but not all; but, costs being in the discretion of the court, he would not be harmed, seriously at least. In the Chisholm Case, Judge Bradford, near the close of his opinion, says:

"The objection of misjoinder of parties, had it been taken by demurrer or plea, possibly would have been entitled to greater weight. The joinder of patent owners as complainants, where some of them have no legal ownership of or legal interest in some of the patents sued on, is a course which generally should not be encouraged. But the objection having been first raised by answer, and not having been brought to the attention of the court until final hearing, it cannot, in view of the particular circumstances of this case, be sustained."

Here the objection is raised by demurrer. I am of the opinion that the difficulties can be remedied by amendments to the bill of complaint, but that the demurrer must be sustained. If the defendants' patented inventions are capable of conjoint use by the defendants in one structure, and they are so using them, this averment should be in the bill of complaint. It is not there even by fair inference. So the business relations or connections of the complainants as between themselves in the use of these patents and the nature and extent of their right to use the inventions covered thereby should be more fully set forth. When this is done, the court can see whether it is a proper case for the trial of all the questions involved in one suit, and whether these complainants should be permitted to unite the two causes of action in one bill. I do not think the authorities cited will permit me to overrule this demurrer.

In 1 Foster's Federal Practice (3d Ed.) § 77, pp. 225, 226, it is said:

"A bill to enjoin the infringement of several distinct patents has been held multifarious, but if all the patents are infringed in the use of or manufacture of a single machine, process, manufacture, or composition of matter, and it is so alleged, the bill is good. It has been said that the complainant 'should aver that said inventions are capable on conjoint as well as separate use, and are so used by the defendants.' An amendment adding such an averment will be allowed upon a demurrer."

See Hayes v. Dayton (C. C.) 8 Fed. 702; Shickle v. South St. Louis F. Co. (C. C.) 22 Fed. 105; Thomas H. El. Co. v. Sperry El. Co. (C. C.) 46 Fed. 75; Louden M. Co. v. M. W. & Co. (C. C.) 96 Fed. 232; Gamewell F. A. Tel. Co. v. Chillicothe (C. C.) 7 Fed. 351; Nellis v. McLanahan, 6 Fish. Pat. Cas. 286, Fed. Cas. No. 10,099.

I think Foster, supra, correctly states the rule as applicable to patent cases. This same view is taken in Daimler Mfg. Co. et al. v. Conklin (C. C.) 145 Fed. 955, per Hazel, District Judge.

The demurrer is sustained, but without costs, and complainants may have 30 days in which to serve an amended bill.