## No. 9329.

### NYLUND *v.* WARD.

1. MINING CLAIMS—*Location Certificate.* The courts have generally held that in the location certificate of a mining claim, the claim must be tied to some natural object.

2. *Amended Location Certificate—Effect.* The location certificate of a mining claim failed to tie to any natural object. In an action brought by the locator against one claiming under a subsequent location, an amended certificate, filed during the trial, was held to affect the adverse claimant, and was admissible in evidence against him. *McEvoy vs. Hyman,* 25 Fed. 596, and *Frisholm v. Fitzgerald* 25 Colo. 290 followed.

3. WORDS AND PHRASES—*Void.* A void thing is a nullity and cannot be amended.

4. STATUTES—*Construed.* Sec. 4210 of the Revised Statutes providing that a defective certificate of a mining location may be amended, qualifies the declaration in sec. 4165 that the certificate is void.

*Error to Mesa District Court, Hon. Thomas J. Black, Judge.*

Mr. BENJAMIN GRIFFITH, for plaintiff in error.

Mr. CARL J. SIGFRID, for defendants in error.

Mr. Justice Scott delivered the opinion of the court.

THIS is an action involving the right to possession of certain lode mining claims. The defendants in error brought

suit against the plaintiff in error and another, claiming location and ownership of the Calamity lodge No. 2, situated in the Blue Creek Mining District, in Mesa County, alleging location of the claim and full compliance with the mining laws of the state and the United States. It was further alleged that the defendants had wrongfully ousted the plaintiff from the premises.

The defendants answered claiming ownership of the ground by the lawful location of the Sunrise lode, on July 16, 1914.

Later, the defendants in error filed a similar suit, claiming the right to possession of the Calamity lode No. 8, in the same mining district.

The defendants answered, claiming the right to possession of the ground by virtue of their location of the Cracker Jack lode under date of July 16, 1914.

In both cases, the plaintiff claims discovery of mineral on April 8, 1913, or more than one year prior to defendant's locations. The cases were consolidated and tried as one. The cause was tried by a jury, verdict returned for the plaintiff, and judgment entered on the verdict.

The question of annual assessments was not involved in the case, and the court so instructed the jury.

The only error assigned which we regard sufficiently important to consider is the admission in evidence of the original and additional location certificates of plaintiff. This question was raised by objection to the evidence and to an instruction of the court in relation thereto.

The contention of the plaintiff in error is that the original location certificate did not purport to tie the claim to any natural object or monument, and was for such reason void, and that the additional location certificate, filed during the period of the trial, did not cure the defect.

It clearly appears that the plaintiff's location certificates were in compliance with the law in all respects, with the exception of the failure to tie the claim to some natural ob-

ject, and that the additional location certificate properly covered this defect.

There is no question as to the discovery of mineral in place and full compliance with the requirements of the statutes, in all other respects by the plaintiffs. The stakes consisted chiefly of trees, blazed on four sides, with the proper notices inscribed thereon.

The statutory provisions applicable and relating to location certificates of lode mining claims are as follows:

"The discoverer of a lode shall, within three months from the date of discovery, record his claim in the office of the recorder of the county in which such lode is located, by a location certificate which shall contain:

First—The name of the lode.

Second—The name of the locator.

Third—The date of the location.

Fourth—The number of feet in length claimed on each side of the center of discovery shaft.

Fifth—The general course of the lode as near as may be." Mills Rev. Stats. 1908, sec. 4194.

"Any location certificate of a lode claim which shall not contain the name of the lode, the name of the locator, the date of location, the number of lineal feet claimed on each side of discovery shaft, the general course of the lode, and such description as shall identify the claim with reasonable certainty, shall be void." Mills Rev. Stats. 1908, sec. 4195.

"If at any time the locator of any mining claim heretofore or hereafter located, or his assigns, shall apprehend that his original certificate was defective, erroneous, or that the requirements of the law had not been complied with before filing, or shall be desirous of changing his surface boundaries, or of taking in any part of an overlapping claim which has been abandoned, or in case the original certificate was made prior to the passage of this law, and he shall be desirous of securing the benefits of this act, such locator, or his assigns, may file an additional certificate, subject to the provisions of this act: *Provided,* That such re-

location does not interfere with the existing rights of others at the time of such relocation, and no such relocation or other record thereof shall preclude the claimant or claimants from proving any such title or titles as he or they may have held under previous location.". Mills Rev. Stats. 1908, sec. 4210.

Nowhere in express language is there a requirement that the claim is to be tied to a natural object, yet the courts have generally held that this is necessary in order to give the proper notice of location.

The question we are considering has been but once determined in an opinion emanating from this court. In the case of *Frisholm v. Fitzgerald*, 25 Colo. 290, 53 Pac. 1109, the late Justice Goddard, considering the precise question, said:

"In support of the first objection, it is contended that the original certificates, by reason of the defects above mentioned, were void, and that no amendment could be made with a view of curing such defect after appellants had undertaken to relocate the ground.

We think that this objection might be disposed of upon the presumption that the court must have found from the evidence that appellant's locations were not made upon a valid discovery of mineral; and therefore that they had acquired no intervening rights to the ground in question. But in view of the fact that errors and omissions in original location certificates are of such common occurrence, and of the frequent attempts to defeat and avoid an otherwise valid location because of such defects, we will dispose of the objection upon the assumption that appellant's locations were made upon a valid discovery; and that, in so far as they might thereby acquire intervening rights, they have done so; and determine whether, under such circumstances, a defective certificate is susceptible of amendmnt. While by Section 2400, Gen. Stats., it is declared that a certificate that shall not contain such description as shall identify the

claim with reasonable certainty shall be void, yet by section 2409 it is provided:"

After quoting the section as above set forth, the opinion proceeds:

"The latter section, by providing that a defective or erroneous certificate may be amended, must be understood as qualifying the declaration in the former that such a certificate is void, since to be susceptible of amendment, it must have some force and validity. As said by Judge Hallet in speaking to this point in *McEvoy v. Hyman*, 25 Fed. Rep. 596; 15 Morrison's Mining Reports, p. 397:

'A void thing is null, and not subject to amendment. A thing *in esse* is a condition precedent to the exercise of the power of amendment, for a living graft can not be put on a dead stock, therefore it is not correct to say that an imperfect certificate is void: when amended it has full life, and the amendment takes effect with the original as of the date of the latter.'"

It will be seen that this section treats of two subjects: *First*, it provides for the correction of errors and defects occurring in the original certificate; *second*, it authorizes a change of boundaries, and the taking in of territory not included within the original location. The plain purport and effect of the first clause is to enable the miner, who in good faith has gone upon the public domain and expended time and money in performing the substantial acts required to locate a mining claim, but through inadvertance or ignorance has failed to comply with the requirements of the statute in describing his claim, to cure such error at any time by an amendment correcting the defective description, and thus perfect his record, as of the date of his original certificate. We do not understand that the proviso in relation to existing rights has reference to amendments of this character, but is only applicable to a change of boundaries and relocation that should take in territory not before included within the claim. This is the plain import of the language used; and with this construction the statute may

be made effectual to protect the rights of the locator without prejudicing any of the interests that third parties may have rightfully acquired. This construction of the proviso was adopted in *McEvoy v. Hyman, supra.* In *Strephy v. Stark,* 7 Colo. 614 [5 Pac. 111] it is said:

'And even when the certificate, for any of the reasons set forth in the statute, is deemed "void," it has been held admissible in connection with a valid amended certificate correcting the defects of the original. *Van Zandt v. Argentine M. Co.,* 2 McCrary 159, 8 Fed. 705. In support of this holding, two principal reasons may be mentioned: First, the original certificate showing the date of location and record, although fatally defective in matter of description or otherwise, may well be considered as an element tending to show good faith on the part of the locator in attempting to comply with the law in making his location; second, the introduction of such original, together with the amended, or as it is termed in the statute, "additional" certificate, may offer a means of comparison in respect to description and surface boundary of the premises located, whether the first is identical with that described in the additional certificate, or whether it embraces the precise ground of any portion thereof claimed by either of the contesting parties otherwise than according to such original location.

We think, therefore, that the court properly admitted the original and amended certificates of appellee in evidence."

It appears in that case, Mr. Justice Campbell and Mr. Justice Gabbert concurred in the conclusion on a different ground, but declined to express an opinion upon the question considered by Mr. Justice Goddard.

It is urged that the conclusion in this respect was not by the court, and therefore we are not bound to follow it. This must be admitted. The opinion, however, follows that in *McEvoy v. Hyman,* 25 Fed. Rep. 596, which is a court decision, considering the statutes in question, and which we must regard as persuasive.

The opinion in that case by the late Judge Hallet presents

such sound reasoning that when considered with the reasoning in the opinion by Justice Goddard, the conclusion reached becomes irresistible.

The contention of counsel is based upon the presumption that the defective location certificate in his case was absolutely void. But the language of the statute does not justify this interpretation. In the language of Judge. Hallet, it was only an imperfect certificate, and "it is not correct to say that an imperfect certificate is void," but that "when amended, it has full life, and the amendment takes effect with the original as of the date of the latter."

The defendants were not misled in this case because of the defective certificate, for it appears that before Nylund made his discovery, and while on the ground and in view of plaintiff's discovery shaft and the stakes and trees with which the claims were marked, he was told by Ward, one of the plaintiffs, that he was on his ground as included within his location.

The jury in this case visited the ground, a distance of about sixty miles from the place of trial, and in connection with the testimony on the trial must be held to have been fully justified in their findings as to any question of fact.

It should be understood that the additional location certificates included only the ground covered by the original certificates.

It appears that the opinions of Justice Goddard and Judge Hallet, above cited, and the reasoning thereof, have been cited and approved by courts of other jurisdictions, and we are therefore impelled to hold that the law as stated by Justice Goddard in the case of *Frisholm v. Fitzgerald, supra,* is controlling in this jurisdiction, as being supported both upon reason and authority. It is probably true that there have been, and are, many certificates of mining locations which for other reasons are absolutely void, but that is not this case, and we do not consider the question.

Judgment affirmed.

Garrigues, C. J., and Denison, J., concur.