## CONSOLIDATED ELECTRIC LIGHT Co. *v.* BRUSH–SWAN ELECTRIC LIGHT Co.

*(Circuit Court, S. D. New York.   June 10, 1884.)*

PATENT—PLEADING—MULTIFARIOUSNESS—INFRINGEMENT OF SEPARATE AND DISTINCT PATENT
    Upon the alleged infringement of five distinct patents by the use of one machine, each of the five inventions being capable of separate use independent of the others, the trial as to the validity of each patent, and the infringement as well, must be separate from trials as to the validity and infringement of the others, and upon distinct issue as to each.

In Equity.
*Amos Broadnax,* for orator.
*William C. Witter, Eugene H. Lewis,* and *Samuel A. Duncan,* for defendant.

WHEELER, J.   This is an amended bill brought upon five different patents,—one for an electric lighting system, one for an improved regulator for electric lights, one for an improvement in electric lamps, one for an improvement in carbons for electric lights, and one for an improvement in the treatment of carbons for electric lights,—and is demurred to for multifariousness.   The bill alleges that the patented inventions are capable of being used conjointly; that the orator makes, uses, and sells conjointly, as parts of the same electric lighting system, each and all of said inventions in some essential and material parts thereof; that the defendant is infringing each and all of these patents by making, selling, and using each and all of said inventions conjointly, in a system of electric lighting, the same substantially as that of the orator.   The titles of the patents, as well as the patents themselves, of which profert is made, show that these inventions may be used separately, and operate independently, with respect to each

other. Any of them might be infringed without infringing any of the others. The trial of the validity of each, and of the infringement of each, must be separate from that of the others, upon distinct issues as to each. The facts may be proved by the same witnesses, but, if so, it will be on account of identity of persons in connection with the subject rather than because of the sameness of the issues involved in the subject. That they are used in the same system does not change the nature of the issues to be tried. They are distinct parts of the system. Each patent is for a distinct machine, or process, or manufacture, and must stand or fall as such; and the infringement of each must or may be a separate trespass. The bill apparently covers as many causes as there are patents, when it should cover but one. *Hayes* v. *Dayton,* 18 Blatchf. 420; S. C. 8. Fed. Rep. 702.

The demurrer is sustained and the bill adjudged insufficient.