### DEERING v. WINONA HARVESTER WORKS and others.[1]

*(Circuit Court, D. Minnesota.　June Term, 1885.)*

PATENTS FOR INVENTIONS—PRACTICE—INFRINGEMENT OF SEVERAL PATENTS—
CONSOLIDATION OF SUITS—EXTENDING TIME TO ANSWER.

　　D. filed a bill on May 25, 1885, alleging an infringement of two of the patents issued for improvements in grain-binders, both relating to the cord-binding mechanism; and on June 1, 1885, he filed another bill against the same defendants for an infringement of five patents relating to grain-binding and harvesting machines,—all of the devices alleged to be infringed being used in one machine.　Defendant on June 18, 1885, moved to consolidate the two suits, and that the time to answer both bills be extended to the first rule-day in September. *Held*, that the motion should be granted.

In Equity.

*Banning & Banning*, for complainant.

*Dyrenforth & Dyrenforth*, for defendants.

NELSON, J.　The defendants are engaged in manufacturing and selling grain harvesters and binders, both operated conjointly as one machine.　The complainant files his bill May 25, 1885, alleging an infringement of two of his patents issued for improvements in grain-binders, both relating to the cord-holding mechanism; and on June 10, 1885, he files another bill against the same defendants for an infringement of five patents, relating to grain-binding and harvesting machines.　All of the mechanical devices which are alleged to be infringed, are used in one machine.　On June 18, 1885, a motion is made by defendant's solicitors that the two suits be consolidated, and, for the purposes of answer, proofs, and hearing, be treated as one and the same suit; also that the time to answer both bills of complaint be extended to the first rule-day in September.　The motion is opposed by the complainant's solicitors on the ground (1) that the several alleged infringements of seven different patents could not be joined in the same bill, as it would be on demurrer bad for multifariousness; (2) that the voluminous testimony in the consolidated cases would tend to confusion on the hearing, and seriously inconvenience the court.　The charge of multifariousness against a bill counting upon infringements of the seven separate patents embraced in the two bills, would not be sustained.　The principles announced in *Nourse* v. *Allen*, 3 Fisher, Pat. Cas. 63, and followed in *Gillespie* v. *Cummings*, 3 Sawy. 260, and other cases, permits such joining of separate and distinct causes of action.

　　The defendants are engaged in the manufacture of harvesting and binding machines, containing mechanism infringing all the patents, if the allegations of the complainant in both bills are true.　I think the convenience of the court will be served if the two suits proceed as one, and certainly the labor of the solicitors of both parties will be lightened.

　·Reported by Robertson Howard, Esq., of the St. Paul bar.

The delay asked for by defendants is reasonable, and cannot prejudice the complainant. The motion to consolidate, and for time to answer, is granted; and it is so ordered.