UNION SWITCH & SIGNAL CO. et al. v. PHILADELPHIA & R. R. CO. et al.

(Circuit Court, E. D. Pennsylvania.  May 28, 1895.)

No. 66.

PLEADING IN PATENT CASES—MULTIFARIOUS BILL.
   A bill which alleges infringement of five different patents, without showing that the inventions or improvements covered by them are conjointly used by defendants, or all used in or upon the same machine, device, article, or apparatus, or are capable of such conjoint use, is bad for multifariousness.  Consolidated Electric Light Co. v. Brush-Swan Electric Light Co., 20 Fed. 502, followed.

This was a bill by the Union Switch & Signal Company and others against the Philadelphia & Reading Railroad Company and others for infringement of five patents relating to apparatus for electric railway signaling.    Defendants demurred to the bill.

J. Snowden Bell and George H. Christie, for complainants.
Witter & Kenyon, for defendants.

DALLAS, Circuit Judge.    Upon the argument I inclined to think that it might be possible to sustain this bill against the charge of multifariousness, and so avoid multiplicity of suits.    After careful examination of the bill, however, and upon full consideration of the authorities, especially of the case of Consolidated Electric Light Co. v. Brush-Swan Electric Light Co., 20 Fed. 502, I am convinced that it would be a mistaken and oppressive exercise of the discre-

tion of the court to require the defendants to meet in a single answer, and by connected proofs, the allegations made with respect to the five patents which the complainants have here set up.

The second and third grounds of demurrer need not be considered. It is not necessary to pass upon them in the present case, and it may be that they will not be applicable to any case which may be presented hereafter.

The cause of demurrer first assigned is as follows:

"First. That it appears from the face of the bill of complaint that the said bill of complaint is altogether multifarious, in that suit is thereby brought against said defendants for five separate and distinct matters and causes,—to wit, for an infringement of letters patent No. 233,746, granted to Oscar Gassett, for improvements in circuits and apparatus for electric railway signaling; for an infringement of letters patent No. 246,492, granted to Oscar Gassett, August 30, 1881, for improvements in electric railway signaling apparatus; for an infringement of letters patent No. 270,867, granted to George Westinghouse, Jr., for an improvement in electric circuits for railway signaling; for an infringement of letters patent No. 227,102, to Oscar Gassett and Israel Fisher, for an improvement in rail connectors for electric track circuits; and for an infringement of letters patent No. 273,377, granted to Charles J. Means, for an improvement in electric railway signals. That these several matters and things cannot be properly joined in one suit, and that these defendants, being by this bill of complaint required to litigate five distinct and unconnected controversies in this one suit, are thereby put to great and serious inconvenience and disadvantage, contrary to the spirit and purpose of equity, and cannot properly make answer thereto, as in right and justice they are entitled. That it nowhere in said bill of complaint appears, nor is it alleged, that the improvements recited in said patents are all conjointly used or infringed by these defendants, or are all conjointly used or infringed by the defendants in or upon one and the same machine, device, article, or apparatus, or are all capable of conjoint use in or upon one and the same machine, device, article, or apparatus, but, on the contrary, it appears on the face of the said bill of complaint, and of the aforesaid patents forming part thereof (profert of each and all of which having been made therein), that the said improvements described and claimed in said several letters patent are of such a diverse nature and character that they are incapable of conjoint use, and cannot be used conjointly, or conjointly in one and the same machine, device, article, or apparatus."

For the cause thus assigned, the demurrer is sustained, and the bill adjudged insufficient.