UNITED STATES MINERAL WOOL CO. v. MANVILLE COVERING CO.

(Circuit Court, E. D. Wisconsin. April 30, 1900.)

EQUITY PLEADING—MULTIFARIOUSNESS—BILL FOR INFRINGEMENT OF DIFFERENT PATENTS.

A bill is not demurrable for multifariousness because it alleges infringement of two separate patents, both of which are for processes having a single object, and which differ only as to one ingredient employed, although they are not charged to have been used conjointly, where it is not apparent that any injustice will result from thus saving a multiplicity of suits.

In Equity. On demurrer to bill for multifariousness, in charging infringement of two separate patents, not alleged to be used conjointly.

Edward W. Frost, for complainant.

C. T. Benedict, for defendant.

SEAMAN, District Judge. The bill alleges the ownership by complainant of two patents for a process of manufacturing mineral wool,—No. 447,360, issued March 3, 1891, and No. 452,733, issued May 19, 1891,—and that both are infringed by the defendant for like manufacture. The process in each is "the remelting of hardened slag in a cupola," but the earlier patent contains two claims for such process,—one showing as an ingredient an admixture of lime or lime-bearing stone, and the other of lime and silica or lime and silica-bearing stone, while the later patent describes the ingredient used with the slag as silica or silica-bearing stone. The main feature in the process appears to rest in the use of hardened slag, which must be remelted to produce the mineral wool. If this is novel, as asserted, and the lime or silica, or both, are mere ingredients to facilitate the remelting, it may be questionable whether the various means should not have entered into the primary patent in some form; but the question urged here on behalf of the defendant, that the second patent is invalid for that reason, is not open on this demurrer, as the objection of multifariousness must rest, not only on the fact that the grounds of suit are different, but that each ground as stated is sufficient to sustain a bill. Brown v. Trust Co., 128 U. S. 403, 412, 9 Sup. Ct. 127, 32 L. Ed. 468. The opinions cited in support of the demurrer undoubtedly state a test for charging infringement of several patents in one suit, which would defeat the joinder in this bill, if the rule applied in the cases referred to is inflexible,—that separate patents cannot be so united without an allegation of conjoint use of each patent. Hayes v. Dayton (C. C.) 8 Fed. 702; Barney v. Peck (C. C.) 16 Fed. 413; Consolidated Electric Light Co. v. Brush-Swan Electric Light Co. (C. C.) 20 Fed. 502; Union Switch & Signal Co. v. Philadelphia & R. R. Co. (C. C.) 68 Fed. 913; Diamond Match Co. v. Ohio Match Co. (C. C.) 80 Fed. 117; Loudon Machinery Co. v. Montgomery, Ward & Co. (C. C.) 96 Fed. 232. On the other hand, Shields v. Thomas, 18 How. 253, 259, 15 L. Ed. 371,—the leading authority on this subject,—adopts the view stated by Mr. Justice Story in his work on Equity Pleading, that

101 F.—10

"the conclusion to which a close survey of all the authorities will conduct us seems to be that there is not any positive, inflexible rule as to what, in the sense of a court of equity, constitutes multifariousness, which is fatal to a suit on demurrer" (section 539); and the opinion further states that the rule is "almost as much an exception as a rule," and "that each case must be determined by its peculiar features." In U. S. v. American Bell Tel. Co., 128 U. S. 315, 352, 9 Sup. Ct. 90, 32 L. Ed. 450, in Brown v. Trust Co., 128 U. S. 403, 410, 9 Sup. Ct. 127, 32 L. Ed. 468, and in Harrison v. Perea, 168 U. S. 311, 319, 18 Sup. Ct. 129, 42 L. Ed. 478, the view thus stated is reaffirmed and exemplified, and the principle of multifariousness is stated as "one very largely of convenience," and as not applicable to defeat a trial in one suit of several causes, where parties and subject-matter are intimately related, and no injustice is apparent from thus saving multiplicity of actions.

The case at bar is clearly distinguishable from each of those cited by counsel in which the objection of multifariousness was sustained. These patents are for a process with a single object,—the production of mineral wool,—differing only as to one ingredient employed in melting the slag. If the patents are valid, and the process is employed by the defendant, the use of either ingredient would constitute infringement. The inquiry of fact seems to be well defined, and it is not apparent that confusion or hardship can arise in presenting the issues in one suit. The demurrer is overruled, with leave to answer on or before the next rule day.