CONTINENTAL GIN CO. v. F. H. LUMMUS SONS' CO.

(Circuit Court, N. D. Georgia, W. D. May 11, 1901.)

No. 47.

PATENTS—SUIT FOR INFRINGEMENT—MULTIFARIOUSNESS OF BILL.

A bill for the infringement of a number of separate patents, which alleges that the inventions of such patents are capable of conjoint use, and are conjointly used by defendant in the same connected machine, mechanism, or apparatus, will not be held multifarious, unless it appears from an inspection of the patents, of which profert is made, that the devices are of such independent character that the issues as to each are distinct, and must necessarily be tried separately.[1]

In Equity. Suit for infringement of patents. On demurrer to bill.

J. R. Beckworth and E. J. Smyer, for complainant.
Little & Burts and Goetchius & Chappell, for defendant.

NEWMAN, District Judge. This cause is heard at present on demurrer to the complainant's bill. There are several grounds of demurrer, but the only one insisted upon is that of multifariousness. The bill seeks to enjoin the defendant from infringing, and to recover profits for the infringement of, four patents, covered by four separate and distinct letters patent, and issued on four separate and distinct applications. Each device which is the subject-matter of the

[1] Pleading in infringement suits, see note to Caldwell v. Powell, 19 C. C. A. 595.

suit is a mechanism connected with and used in cotton ginning. The allegation in an amendment to the bill is that:

"Orator avers that the subject-matter of said letters patent 308,790, 308,787, 396,706, and 555,789, are capable of conjoint use, and are in fact conjointly used, in an outfit or apparatus for the handling and ginning of cotton, and defendant has conjointly used the same in making or causing to be made, selling and offering for sale, a machine, outfit, or apparatus for the handling and ginning of cotton."

Without going into the claims for each patent in full, the first in the order above stated, No. 308,790, is an apparatus for conveying seed cotton by means of a pneumatic conveyor from the wagon to the gin. The second, No. 308,787, is a mechanism for handling lint cotton, by means of a common flue, from several gins to a common condenser, and thence to a press or other receptacle. The third, No. 555,789, is a seed conveyor for a cotton gin, used for the purpose of carrying the seed from the gin to any desired point. The fourth, No. 396,706, is for a saw gin, so constructed as to economize space, avoid friction in running, and facilitate stopping and starting.

Counsel for defendant cite other authorities, but rely mainly on the case of Consolidated Electric Light Co. v. Brush-Swann Electric Light Co. (C. C.) 20 Fed. 502. The decision in that case by Judge Wheeler, in the circuit court for the Southern district of New York, is brief, and is as follows:

"This is an amended bill, brought upon five different patents,—one for an electric lighting system, one for an improved regulator for electric lights, one for an improvement in electric lamps, one for an improvement in carbons for electric lights, and one for an improvement in the treatment of carbons for electric lights,—and is demurred to for multifariousness. The bill alleges that the patented inventions are capable of being used conjointly; that the orator makes, uses, and sells conjointly, as parts of the same electric lighting system, each and all of said inventions, in some essential and material parts thereof; that the defendant is infringing each and all of these patents by making, selling, and using each and all of said inventions conjointly, in a system of electric lighting, the same, substantially, as that of orator. The titles of the patents, as well as the patents themselves, of which profert is made, show that these inventions may be used separately, and operate independently, with respect to each other. Any of them might be infringed without infringing any of the others. The trial of the validity of each, and of the infringement of each, must be separate from that of the others, upon distinct issues as to each. The facts may be proved by the same witnesses, but, if so, it will be on account of identity of persons in connection with the subject, rather than because of the sameness of the issues involved in the subject. That they are used in the same system does not change the nature of the issues to be tried. They are distinct parts of the system. Each patent is for a distinct machine, or process, or manufacture, and must stand or fall as such, and the infringement of each must or may be a separate trespass. The bill apparently covers as many cases as there are patents, when it should cover but one. Hayes v. Dayton, 18 Blatchf. 420, 8 Fed. 702. The demurrer is sustained, and the bill adjudged insufficient."

In the case of Union Switch & Signal Co. v. Philadelphia & R. R. Co. (C. C.) 68 Fed. 913, in the circuit court for the Eastern district of Pennsylvania, there were two decisions by Judge Dallas. The first decision can be gathered from the headnote, which is as follows:

"A bill which alleges infringement of five different patents, without showing that the inventions or improvements covered by them are conjointly used

by defendants, or all used in or upon the same machine, device, article, or apparatus, or are capable of such conjoint use, is bad for multifariousness. Consolidated Electric Light Co. v. Brush-Swann Electric Light Co. (C. C.) 20 Fed. 502, followed."

Subsequently an amendment was offered, which is embodied in the decision of the court. This latter decision is brief, and is as follows:

"When the demurrer to the bill in this case was originally argued, the impression was made upon my mind that it was conceded by complainants that the respective subjects-matter of the five patents sued on were not used in one mechanism, but upon different, though contiguous, parts of the same railroad. Upon this understanding I held the bill to be multifarious, and upon that ground sustained the demurrer. The complainants now move to vacate that order, and for leave to amend their bill by adding thereto the following: 'And your orators in this behalf further aver the fact to be that the conjoint use made by the defendants herein, as herein averred, includes a use of a material and substantial part of the subject-matter of each of the said recited patents in one and the same connected machine, mechanism, or apparatus.' This proposed amendment is accompanied by an affidavit that, to the best of the affiant's knowledge and belief, the facts therein stated are true; and upon the argument of the present motions, complainants' counsel has strenuously insisted that the statement it embodies is supported by the several patents themselves. Counsel for defendant has quite as earnestly contended, on the other hand, that a proper understanding of the patents requires the negation of the averment sought to be introduced by amendment. Waiving any doubts as to whether it would be permissible to now enter upon a discussion of the question thus raised, I decline to do so, because I deem it inexpedient to express any opinion respecting the patents sued upon at this stage of the case. For the present purpose, I assume the truth of the matter which the complainants ask leave to insert in their bill. The amendment is allowed. The order heretofore made is vacated, and the demurrer overruled."

I think the decisions in these two cases furnish the test as to whether, in a patent case like this, the bill is subject to the charge of multifariousness. In the case of Consolidated Electric Light Co. v. Brush-Swann Electric Light Co., supra, it was apparent that the patents were so separate and distinct that, notwithstanding the averment in the bill that they were capable of conjoint use, and were being used conjointly, the court would ascertain from an inspection of the patents that they were of such character that there should be a separate suit as to the infringement of each. In the later case of Union Switch & Signal Co. v. Philadelphia & R. R. Co., the fact seems not to have been so apparent, and, consequently, the court, on the filing of the amendment averring conjoint use in the same connective machine, mechanism, or apparatus, overruled the demurrer. In the present case the amendment is substantially the same as in the case last cited. The averment in this amendment is not, in my opinion, contradicted or affected by an examination of the patents of which profert is made. Indeed the patents themselves seem to indicate that they are intended to be used as part of a complete cotton-ginning apparatus. As I do not believe that the bill is subject to demurrer on the ground of multifariousness, and the other grounds were not insisted upon in argument, the demurrer will be overruled.