EDISON PHONOGRAPH CO. v. VICTOR TALKING MACH. CO.

(Circuit Court, E. D. Pennsylvania. January 30, 1903.)

No. 14.

1. PATENTS—SUIT FOR INFRINGEMENT—MULTIFARIOUSNESS OF BILL.

A bill for infringement of three separate patents is not subject to demurrer for multifariousness where it alleges that the things patented are capable of conjoint use, and are in fact so used in the apparatus of defendant, and the patents, of which profert is made, contain nothing inconsistent with such averment.

¶ 1. Pleading in infringement suits, see note to Caldwell v. Powell, 19 C. C. A. 595.

In Equity. Suit for infringement of patents. On demurrer to bill.

F. L. Dyer, for complainant.

Horace Pettit, for defendant.

ARCHBALD, District Judge. The bill is demurred to on the ground of multifariousness, because it involves the validity and infringement of three separate patents; but it is averred in the bill that the three are not only capable of being conjointly used, but that, in the apparatus of the defendant complained of, they are in fact so used. This is a distinct and positive averment, which the demurrer necessarily admits. It cannot be made to deny and question it, thus raising an issue of fact, even though that be one of the grounds of demurrer assigned. It may be that, as profert of the patents is made in the bill, if, on examination, it was obvious that the inventions which they respectively cover were not, and could not be, the subject of conjoint use, the court could disregard the averment, as inconsistent with the patents themselves, and so dismiss the bill. But there is nothing of that kind, so far as I can see, in this case. The patents here involved relate to the recording and reproducing of sound vibrations; one being for the method, the other for the apparatus for carrying it into effect, and the third for the blank or surface operated upon. The presence and co-operation of these devices in a single infringing machine is entirely possible, and that is all that seems to be necessary. Walk. Pat. § 417. There is nothing counter to this in Hayes v. Dayton (C. C.) 8 Fed. 702, because there no conjoint use was alleged. The case of Consolidated Electric Light Co. v. Brush-Swan Electric Light Co. (C. C.) 20 Fed. 502, which goes further than this, seems to me to stand on doubtful ground, and I cannot follow it.

The demurrer is overruled, with leave to defendants to answer over.