AMERICAN GRAPHOPHONE CO. v. LEEDS & CATLIN CO. et al.

(Circuit Court, S. D. New York. July 9, 1904.)

No. 8,570.

1. PATENTS—SUIT FOR INFRINGEMENT OF TWO PATENTS—MULTIFARIOUSNESS.

A bill for the infringement of two patents, although one is for a process and the other for a product, is not multifarious, where both relate to the same article and are capable of being conjointly infringed, as it is alleged in the bill they are by the defendant.

In Equity. Suit for infringement of patents. On demurrer to bill.

Philip Mauro and C. A. L. Massie, for complainant.

Louis Hicks, for defendants.

PLATT, District Judge. The demurrer raises various objections to the bill:

1. That the letters patent are void on their face for lack of invention. In the circumstances of the case, this attack is obviously futile, and my action thereon needs no explanation.

2. That it is multifarious, in that it involves the validity and infringement of two separate patents. The bill avers not only that they are capable of conjoint use, but that they are used conjointly by the complainant, and that the defendants jointly infringe both patents by their product. In a general sense, the demurrer should be taken to admit so important an allegation; but, as the patents themselves have become a part of the bill, it may be that if, upon inspection, there is a manifest inconsistency between the allegation and the meaning of the patents, a dismissal of the bill would be in order. No such situation appears in the case. The Macdonald patent covers, inter alia, a product, and the Jones patent is for a process, and both relate to sound records. If the

¶ 1. Pleading in patent infringement suits, see note to Caldwell v. Powell, 19 C. C. A. 595.

· See Patents, vol. 38, Cent. Dig. § 518.

features of the two inventions can in any way be present and co-operate in a single article, nothing beyond calls for examination. In so far as my views may differ from those expressed in Cons. Elec. Lt. Co. v. Brush-Swan Elec. Lt. Co. (C. C.) 20 Fed. 502, I am unable to follow that case.

3. Certain formal averments relating to the Jones patent are said to be lacking, but the law invoked and the date of the Jones application refute the proposition.

In conclusion, verily the stars in their courses, aided possibly by forces less remote, seem to have fought against the complainant. This matter was heard about the middle of May. Since then a stress of affairs has kept me from the work which accumulated in the New York district. By reason thereof, the defendants have gained nearly two months of time. The demurrer deserved to be overruled in the day and time of the hearing.

Let the demurrer be overruled, and let defendants answer within 10 days.