MORTON TRUST CO. et al. v. STANDARD STEEL CAR CO.

(Circuit Court of Appeals, Third Circuit. February 15, 1910.)

No. 87 (1.289).

1. PATENTS (§ 283*)—SUIT IN EQUITY FOR INFRINGEMENT—DEFENSES.

The defendant, in a suit in equity to enjoin the infringement of a patent is not entitled to a dismissal of the bill on the ground that on notice of the patent by the commencement of the suit it dismantled the alleged infringing machine and had not since infringed, where it not only failed to allege in its answer that it did not have other and prior notice of the patent, but contested its validity by allegations and proofs, which was in effect an assertion of its right to use such machine, and entitles complainant to an injunction on a finding of validity and infringement by the discarded machine.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 283.*]

2. PATENTS (§ 328*)—INVENTION—BENDING MACHINE.

The Flinn patent, No. 736,834, for a bending machine, covers a new combination of elements in a machine, which is a marked improvement over any in the prior art, and discloses patentable invention.

3. PATENTS (§ 312*)—SUIT FOR INFRINGEMENT—PROOF OF INFRINGEMENT.

A combination claim of a patent is never infringed, except by the use of that which embodies every element of the combination, or its equivalent; and where the patent covers a complicated machine, infringement cannot be found alone on a blue print of the alleged infringing machine, introduced in evidence without explanation.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 312.*]

Appeal from the Circuit Court of the United States for the Western District of Pennsylvania.

Suit in equity by the Morton Trust Company and the Pressed Steel Car Company against the Standard Steel Car Company. Decree for defendant (171 Fed. 672), and complainants appeal. Reversed.

Harry A. Knight and Cyrus N. Anderson, for appellants.

Robert D. Totten, for appellee.

Before GRAY and LANNING, Circuit Judges, and McPHERSON, District Judge.

LANNING, Circuit Judge. The patent in suit, No. 736,834, is for an improvement in bending machines, and was granted August 18, 1903, to Pressed Steel Car Company, assignee of Christopher Flinn. The bill of complaint was dismissed by the decree of the Circuit Court, and the defendant, the appellee here, insists that the decree should be affirmed, on the ground that the proofs show that, immediately upon receiving notice of the patent, which was by the commencement of this suit only, it dismantled the machine it had been using, and has not since used any machine embodying any of the combinations described in the claims of the patent. If the defendant's answer had set up as the sole defense no notice other than that contained in the bill of complaint, and that immediately upon the commencement of the suit it had dismantled the machine it had been using, the contention might, perhaps, be good. But not only is the answer silent as to the

dismantling act, but it contains assertions that the defendant has a license to do the thing complained of, that the patent was fraudulently obtained, and that it is invalid for want of patentable novelty.

One of the contentions on the proofs in the court below was that the patent is invalid. That contention was in effect an assertion of its right to resume the use of the alleged infringing machine. In such a case, if the patent be valid, the complainant is entitled to an injunction, though he may not be entitled to an accounting for profits and damages. The Circuit Court, however, does not seem to have dismissed the bill on the ground above mentioned. While the decree does not state any specific reason for the dismissal, the opinion (171 Fed. 672) shows the conclusion of the court to have been that the combinations of the patent were the result of mere mechanical skill, and not of inventive genius. It is to that question, therefore, that we must address our attention.

The claims of the patent are:

"1. A bending machine, for use in connection with a blank, comprising essentially a table provided with transverse grooves, a head-block thereon, and a pressure-cylinder mounted upon said table and pivotally secured in one of said grooves and adjustable therein transversely of the table, clamps to hold the cylinder in adjusted position, a piston in said cylinder, and a former carried by said piston and adapted to act upon the blank at that portion thereof adjacent to which it has been placed by the pivotal and transverse adjustment of the cylinder, to bend said blank into shape.

"2. A bending machine, having a table provided with transverse grooves, a pressure-cylinder pivotally mounted upon said table and movable longitudinally in one of said grooves, clamps to hold the cylinder in adjusted position, a piston for said cylinder, a former mounted upon said piston, and means to secure the blank in position to be acted upon by the former, substantially as described.

"3. A bending machine, having a table provided with transverse grooves, a pressure-cylinder mounted upon said table and adjustably secured in one of said grooves, clamps engaging the other grooves and the cylinder to fix the cylinder in adjusted position, a former actuated by said cylinder, and a head-block on the table."

It is not suggested that any of the combinations of mechanical elements described in these claims is to be found in the prior bending machine art, or, indeed, in the prior art of any other branch of mechanics. The argument on behalf of the defendant, as to the validity of the patent, relates principally to the movable, adjustable feature of the pressure-cylinder. In their brief counsel say:

"The single question of invention, by which the validity of the patent is to be tested, is therefore limited to the question whether the use of old adjusting means, well known in many different machines, is patentable when applied to the adjustment of such a cylinder."

We cannot overlook the fact, however, that the claims are combination claims, containing, besides the adjustable cylinder, several other elements. The machine described in the patent is used in bending pipes or tubes required in the construction of cars and locomotives. There are bending machines in the prior art; but if the combination of elements described in the patent in suit furnishes a machine that bends pipes and tubes in a more rapid, economical, efficient, or advantageous way than any of the machines of the prior art, it is an im-

portant fact in solving the question of the validity of the patent. That it does so is not denied. The adjustability of the cylinder is certainly a most important feature of the combination, and the method by which it is adjusted is old. But that method had never before been applied to a bending machine, and the adjustable cylinder is but a single element in the combination. If there was invention at all, it is to be found in the conception of the machine as a whole—as a combination of its several elements—and not merely in the means by which the cylinder can be adjusted to its required work. That conception, it seems to us, involved more than mere mechanical skill. Reduced to practical use, it shows us a machine admittedly a marked improvement upon anything that preceded it. After giving careful attention to the record and the arguments, we have concluded that the patent should be sustained.

It is satisfactorily proven, however, that there was no notice of the patent given in conformity with section 4900, Rev. St. (U. S. Comp. St. 1901, p. 3388). The first notice the defendant had of the existence of the patent was by the commencement of the suit. It immediately ceased using the infringing machine and dismantled it. The last item of proof in the case is a blue print of the machine which the defendant is now using. It was voluntarily submitted to the complainants by the defendant, and was offered in evidence by the complainants as they closed their rebuttal proofs. The counsel for the complainants contend that it shows continued infringement by the defendant. There is not a line of testimony explaining the exhibit. It is a complicated drawing, and it would be highly presumptuous in us to say it shows infringement. A combination claim is never infringed, except by the use of that which embodies every element of the combination or its equivalent. The burden of proof was on the complainants. Infringement cannot be found on the blue print alone. It follows that the complainants are not entitled to an accounting.

The decree of the Circuit Court will be reversed, and the record remanded, with instructions to enter a decree adjudging the patent to be valid, and awarding a permanent injunction against future infringement. The complainants are entitled to costs in both courts.