## LUTEN v. DOVER CONST. CO.

### (Circuit Court, D. New Jersey.   May 1, 1911.)

**1. PATENTS (§ 310\*)—SUIT FOR INFRINGEMENT—EQUITY JURISDICTION—SUFFICIENCY OF BILL.**

A bill for infringement of a patent, which alleges a specific instance of infringement by defendant without stating any facts from which it is to be inferred that the infringement is at an end, states a case within the jurisdiction of equity to grant relief by injunction.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 310.\*]

**2. PATENTS (§ 310\*)—SUIT FOR INFRINGEMENT—DEMURRER.**

To warrant a court in declaring a patent void on demurrer, its invalidity must be so clear and convincing on its face that no evidence in aid of the presumption arising from the grant could avail to sustain it.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 535–540; Dec. Dig. § 310.\*]

**3. PATENTS (§ 310\*)—SUIT FOR INFRINGEMENT—MULTIFARIOUSNESS OF BILL.**

A bill for infringement of a number of patents is not multifarious where it alleges, not only that all the inventions are capable of being employed in a single unitary structure, but that they are so used by defendant.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 518; Dec. Dig. § 310.\*]

**4. PATENTS (§ 310\*)—SUIT FOR INFRINGEMENT—SUFFICIENCY OF BILL.**

That a bill for infringement does not allege that the patent was recorded does not raise a presumption that such record was not made as required by statute, and such defense is not available on demurrer.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 310.\*]

In Equity. Suit by Daniel B. Luten against the Dover Construction Company. On demurrer to bill. Overruled.

Suit to restrain infringement of five certain patents on reinforced concrete structures, Nos. 818,386, 853,202, 853,203, 923,058, 934,411; the last two are process patents.

F. H. Drury, for complainant.
James A. Carr, for defendant.

RELLSTAB, District Judge. The causes of demurrer relied upon in the argument on brief, are, in substance, first, that the complainant has a complete remedy at law; second, that the two process patents are void on their face; third, that the bill is multifarious; fourth, that there is no averment of the recording of the patent; fifth, that there is no proper averment of the affixing of the patent marks.

These assignments cannot prevail. On demurrer, all well-pleaded facts contained in the bill are taken as true. The bill, after setting out the grants of five several letters patent, the earliest being April 17, 1906, alleges, so far as is necessary to notice on this demurrer, Paragraph 6,

"That all of the inventions described and claimed in all of said patents are capable of being employed and used in a single unitary structure, and that they are so employed and used by the respondent;"

Paragraph 9, That defendant without license, in infringement of said letters patent (enumerating all) at Dover, Morris county, N. J.—

"knowingly and willfully constructed and sold, or caused to be constructed, used and sold, a 45 foot reinforced concrete bridge or arch structure over Rockaway River on Mercer street, in said county, made in accordance with and containing the improvements and inventions claimed and described in said letters patent (enumerating all) and recited in the claims thereof. but to what extent the defendant has made use of said inventions or improvements described and claimed in said letters patent (enumerating all) your orator does not know and prays discovery thereof;"

Paragraph 10, That the defendant—

"has received and enjoyed large gains, profits and advantages from the unlawful use of said inventions and improvements set forth in said letters patent (enumerating all), which might otherwise and would have been obtained by your orator, and to which your orator is entitled, but how much exactly your orator does not know, and therefore prays a full and complete discovery thereof;"

Paragraph 11,

"On information and belief that there has been imprinted upon plans and designs or structures, made in accordance with the improvements and inventions described and claimed in said letters patent (enumerating all), the word 'Patented,' together with the date of grant of your orator's said letters patent, in accordance with the statutes in such case made and provided, thereby identifying said structures as being made under said letters patent, and giving notice thereof to the public."

The bill concludes with the usual relief prayers in patent suits' in equity.

[1] As to the first ground. As seen, the bill specifically alleges that all of the alleged inventions are not only capable of being conjointly used in a single structure, but that they are so used by the defendant. The character of the structure erected by the defendant and the place where erected, embodying such inventions, are specifically set out, and furnish the evidence that it is a continuing infringement. The bill does not present a case where the pleaded circumstances by necessary implication show that the infringement is at an end. The complainant is entitled not only to recover damages for the infringement, but to restrain the further continuance thereof, which latter relief is obtainable only in a court of equity. Root v. Ry. Co., 105 U. S. 189, 26 L. Ed. 975, and the other cases cited on behalf of the demurrer, are not applicable to the present case. The instances at circuit where injunctions issue, though but a single case of infringement is established, are numerous. The owner of the patent is not required to await additional onslaughts upon his statutory privilege ere he may obtain the aid of the injunctive arm of the chancery court. Even though after answer and proofs it be established that defendant abandoned the use of the only infringing device charged, injunction may issue. Morton Trust Co. v. Standard Steel Car Co., 177 Fed. (3d Cir.) 931, 101 C. C. A. 211. A fortiori, on demurrer, the bill must be sustained.

[2] As to the second ground. This, as noted, is interposed only to the two process patents. Assuming that an attack upon the validity

of only two of five patents averred to be capable of conjoint use by the defendant can be made under a general demurrer, such infirmity on the face of the patents must be so clear and convincing that no evidence could avail in supporting and maintaining the presumption of validity that goes with the grant. Dick v. Oil Wells Supply Co. (C. C.) 25 Fed. 105; American Fibre-Chamois Co. v. Buckskin Fibre Co., 72 Fed. 508, 18 C. C. A. 622.

Such conclusion is not warranted in this case.

[3] As to the third ground—multifariousness. This depends upon such patents being distinct and unrelated. The bill, as already stated, alleges the contrary. Union Switch & Signal Co. v. P. & R. R. Co. (C. C.) 68 Fed. 914; Huntington Dry Pulv. Co. v. Virginia-Carolina Chemical Co. (C. C.) 130 Fed 558.

[4] As to the fourth ground. Section 4883 of the Revised Statutes (U. S. Comp. St. 1901, p. 3381) requires that all patents, together with their specifications, shall be recorded. The bill alleges the due issue of such letters patent, and sets out the usual patent office copies of their respective specifications and drawings. The letters patent are presumptive evidence that all statutory requirements prerequisite to the grant have been complied with. Gear v. Grosvenor, 10 Fed. Cas. 130, No. 5,291. The absence in the bill of an averment of the recording of such letters does not raise a presumption that such record was not made; hence such defense is not available on demurrer.

As to the fifth ground. Dedendant concedes that, if a proper case for injunction is made out by the bill, this ground is unavailable on demurrer, and would go only to the matter of damages. As this equity has been found in favor of complainant, no further consideration of this assignment is necessary.

The demurrer is overruled.