ROSE MFG. CO. v. E. A. WHITEHOUSE MFG. CO. et al.

(Circuit Court, D. New Jersey. December 16, 1911.)

1. EQUITY (§ 147*)—PLEADING—MULTIFARIOUSNESS.

Multifariousness arises from misjoinder of distinct demands or causes or from misjoinder of parties where the demands or liabilities are distinct and independent; but a bill will not be treated as multifarious, though it join two or more good causes of complaint if they grow out of the same transaction where all the defendants are interested in the same claim of right, and where the relief asked for in relation to each is of the same general character, since the undue splitting up of a single cause of action and multiplying the subjects of litigation is itself objectionable, and will be discouraged.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 340; Dec. Dig. § 147.*]

2. EQUITY (§ 147*)—PLEADING—MULTIFARIOUSNESS.

The objection of multifariousness as well as the opposite fault of multiplicity of suits raises merely a question of convenience in conducting the suit, and does not go to the merits, and each case must be governed by its own circumstances and the question left to the sound discretion of the court.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 340; Dec. Dig. § 147.*]

3. PATENTS (§ 310*)—SUIT FOR INFRINGEMENT—MULTIFARIOUSNESS OF BILL.

If the devices of two patents are used together in furtherance of a common purpose, it constitutes a sufficient conjoint use to prevent a bill for the infringement of both patents alleging such conjoint use from being multifarious, although the devices are distinct and each capable of performing its purposed functions independently of the other.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 507–540; Dec. Dig. § 310.*]

4. PATENTS (§ 310*)—VALIDITY—DETERMINATION ON DEMURRER.

A patent will not be held invalid on demurrer, unless the court is entirely satisfied from its face that by no possible proof can patentable invention and validity be made to appear.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 536; Dec. Dig. § 310.*

Pleading in infringement suits, demurrer for want of novelty and invention, see note to Caldwell v. Powell, 19 C. C. A. 595.]

In Equity. Suit by the Rose Manufacturing Company against the E. A. Whitehouse Manufacturing Company and the Le Compte Manufacturing Company. On demurrer. Demurrer overruled.

Suit to restrain infringments of four patents: No. 883,973, an improvement in lamp brackets; No. 962,220, an improvement in number

plate support for vehicles; Nos. 41,388 and 41,389, designs for vehicle number plate support.

Francis C. Lowthorp, for complainant.

T. Hart Anderson, for defendants.

RELLSTAB, District Judge. The causes of demurrer relied upon, summarized, are: (1) The bill is multifarious. (2) The design patents are void as covering subject-matters improper for design patents. (3) The mechanical patents are invalid as covering an aggregation, and not a combination, of elements.

As to the first ground—multifariousness.

It is said that it is impossible to conjointly use in one and a single device (a) the subject-matter of all these patents; (b) the subject-matter of the design patents; (c) the subject-matter of either of the design patents with either of the mechanical patents. Multifariousness is the improper joining in one bill distinct and independent matters and thereby confounding them.

[1] It arises from misjoinder of distinct demands or causes, or from misjoinder of parties where the demands or liabilities are distinct and independent. A bill will not be treated as multifarious, however, though it join two or more good causes of complaint, if they grow out of the same transaction where all the defendants are interested in the same claim of right, and where the relief asked for in relation to each is of the same general character. The undue splitting up of a single cause of action and multiplying the subjects of litigation is itself objectionable, and will be discouraged.

[2] The objection of multifariousness, therefore, as well as to the opposite fault of multiplicity of suits, raises merely a question of convenience in conducting the suit. It does not go to the merits of the controversy, and each case must be governed by its own circumstances, and the question left to the sound discretion of the court. Story, Eq. Pl. (9th Ed.) §§ 271, 284, 287; 16 Cyc. pp. 239, 241, 243, 246, 247; Beach, Modern Eq. Pr. §§ 115, 116.

In United States v. Bell Telephone Co., 128 U. S. 315, 9 Sup. Ct. 90, 32 L. Ed. 450, the bill was filed to cancel two patents on the ground that they had been procured by fraud. It was held:

"A bill in equity which assails two patents, issued nearly a year apart, but to the same party, and relating to the same subject, both held by the same corporation defendant, and used by it in the same operations, is not multifarious."

To the ground of demurrer that the bill was multifarious Justice Lamar said (page 352 of 128 U. S., page 91, 9 Sup. Ct., 32 L. Ed. 450):

"The principle of multifariousness is one very largely of convenience, and is more often applied where two parties are attempted to be brought together by a bill in chancery who have no common interest in the litigation, whereby one party is compelled to join in the expense and trouble of a suit in which he and his codefendant have no common interest, or in which one party is joined as complainant with another party with whom in like manner he either has no interest at all, or no such interest as requires the defendant to litigate it in the same action. Oliver v. Piatt, 3 How. 333 [11 L. Ed. 622]; Walkers v. Powers, 104 U. S. 245 [26 L. Ed. 729]."

The cases involving patent litigation are not harmonious on this subject. In Wilkins Shoe Button Fastener Co. v. Webb (C. C.) 89 Fed. 982, is found a helpful review by Judge Hammond of many such cases. An extended quotation from his deductions is justified:

"The result of this reading of the cases is that the defense of multifariousness is not favored, but is strictly limited by the courts, and by none more strictly than the Supreme Court of the United States, which applied the strict rule to a patent litigation in the American Bell Telephone Case, supra. And, while some courts have somewhat enlarged the indulgence of the defense in patent cases, for the reason, perhaps, that our patent system requires separate patents for separate inventions not co-operating to the same end, and for another reason, that patent defenses are so expensive, patent litigation is not free from the general equity rules on this subject, and is governed by the same principles as other equity procedure. The rule of judgment which determines whether or not given inventions may be joined in one patent, because co-operating to a common end, though very analogous, is not the same as the rule of judgment which determines whether or not there is such a conjoint use of two inventions covered by separate patents as permits them to be joined in one bill in equity to protect them against the infringement, and confusion will be avoided by attention to this distinction.

"The real question of unity in the equity pleading of patent cases depends on two considerations: First. Under the general law of multifariousness, may the two infringements be joined against the same defendant, no matter how widely the patents may be separated, because, to use the language of Judge Benedict (Horman Patent Mfg. Co. v. Brooklyn City R. Co., 15 Blatchf. 444. Fed. Cas. No. 6,703), 'to join the several causes of action will not embarrass or confuse the defense unfairly or unjustly'? If so, they seemingly may be joined as in other bills in equity under like circumstances, and any distinction in patent cases would be merely arbitrary. Secondly. Do the two or more patents so enter into the infringement that it becomes one cause of action in fact? If so, they must be united in one bill.

"Causes of action arising out of patent infringements are peculiar in respect of this, and in applying the above tests present more perplexities than any other cases perhaps, but this is all that can be said of it, for, as Judge Benedict remarks, there is not any general rule by which the cases may be determined. The fact that there are two or more patents or two or more inventions involved in the controversy does not furnish such a rule, though superficially it may seem so. Nor does the fact that all the inventions are used by the same infringer at the same time or in one machine, structure, apparatus, system, or what not, furnish such a rule, though again, superficially, it may seem so. Whether the infringements are completed by the manufacturer's vending or use of one compact machine, or one structure, or one apparatus, or the like, or are more widely separated, and only find a unity in a more enlarged or extensive system of appliances, whose particular uses can be more distinctly seen as divisible in operation, may render the solution of the question whether there shall be more than one bill in equity more difficult of solution, but none of these conditions indicate a general rule by which the question is to be determined. It is here that is found the scope for the exercise of that discretion of the court mentioned by Lord Cottenham in Campbell v. Mackey, 1 Mylne & C. 603, and by Mr. Justice Story in Oliver v. Platt, 3 How. 333, 411, 412 [11 L. Ed. 622], in determining each case according to its own circumstances."

Under these authorities the present bill is not multifarious.

On demurrer, all well-pleaded facts are taken as true. The bill alleges (paragraph 9):

"That said four letters patent are capable of conjoint use and are in fact conjointly used by the defendants and that said defendants have jointly infringed said four letters patent by the manufacture and sale of articles embodying said inventions."

· **[3]** The grounds of demurrer call attention to the absence from this averment that the conjoint use is in a single structure. But this omission is not fatal. An inspection of the mechanical patents suggests that they are distinct devices, each capable of completely performing its purposed functions independently of the other. But this does not prevent their being used conjointly. To use conjointly it is not necessary that such use be coactive. If they are used together in furtherance of a common purpose, that is a sufficient conjoint use on the question of multifariousness.

The bill alleges the conjoint use of all the patents by the defendants, and, an inspection of such patents not clearly showing that they are incapable of such use, such capability and use will be presumed on demurrer. But, on the question of conjoint use as determining multifariousness, it should be said that the trend of the authorities as herein indicated is that such conjoint use is not the controlling factor; and that a suit will not be held multifarious, though the patents sued upon are not capable of conjoint use, when it appears that all of them are being infringed by all the defendants working together in pursuance of a common purpose to manufacture or vend the infringing devices, and that the combining of such controversies in one suit produces less inconvenience to the court and litigants, and results in less expense and less time in securing a final disposition of the controversies than would ensue by splitting them up into separate suits; a fortiori, on a demurrer to a bill declaring that such patents are interrelated, and that the defendants are jointly infringing them by the manufacture and sale of articles embodying their inventions, and it is not apparent that the defendants will be prejudiced in making their defense in one suit.

. By section 921, R. S. (U. S. Comp. St. 1901, p. 685), the court in its discretion is empowered to consolidate causes of a like nature or relative to the same question, in order that unnecessary costs or delay in the administration of justice may be avoided. If the complainant, instead of combining in one bill the alleged infringements of the four patents in suit, had instituted four separate actions, the court, on the application of the defendants, on a like state of facts as were conceded on the argument to exist in the case at bar, would be justified in consolidating such suits.

The determining whether a bill is multifarious—a matter of pleading—and whether a consolidation of pending causes should be made— a matter of practice—rests in the sound discretion of the court; and the reasons which would influence the decision of the one would control the other on the same state of facts. Deering v. Winona Harvester Works (C. C.) 24 Fed. 90. The principle here invoked and the conclusion reached are in conflict with Cons. Elect. L. Co. v. Brush-Swan Elect. Co. (C. C.) 20 Fed. 502, cited by demurrant. That case as an authority was questioned in Edison Phonograph Co.. v. Victor Talking Mach. Co. (C. C.) 120 Fed. 305, and Am. Graphophone Co. v. Leeds & Catlin Co. (C. C.) 131 Fed. 281; and I, like the judges who wrote the opinions in those cases, am unable to follow it. In Union Switch & Signal Co. v. Phila. & R. R. Co. (C. C.) 68 Fed. 913, the only other case cited by demurrant on this ground, the bill failed to

allege that the patented improvements were capable of conjoint use, or that the defendants had so used them, differing in that respect from the case at bar. Subsequently such bill was amended by inserting a paragraph alleging said conjoint use (s. c. 68 Fed. 914), and which was later (s. c. [C. C.] 69 Fed. 833) held sufficient to maintain the bill against a plea which sought to traverse such allegation.

In view of the allegations of the bill, to require complainant to institute separate actions upon each one of its patents would be violative of the equity doctrine that controversies in which the interests of the respective parties complainant and defendant are substantially identical should be settled in one suit, induce to unnecessary expense, if not great oppression to both parties, and be at variance with the modern judicial and statutory trend to avoid unnecessary delay and expense in the administration of justice. If on answer and proofs it should be established that the patents are not capable of conjoint use, and that should be held sufficient to make the suit multifarious, the defendants may obtain ample relief in the awarding of costs.

[4] As to the remaining grounds of demurrer—that the design patents cover improper subject-matters and that the mechanical patents cover an aggregation and not a combination. A patent will not be held invalid on demurrer unless the court is entirely satisfied from its face that by no possible proof can patentable invention and validity be made to appear. Dick v. Oil Well Supply Co. (C. C.) 25 Fed. 105; Am. Fibre-Chamois Co. v. Buckskin Fiber Co., 72 Fed. 508, 18 C. C. A. 662; Neidich v. Fosbenner (C. C.) 108 Fed. 266; Neidich v. Edwards (C. C.) 169 Fed. 424; Luten v. Dover Construction Co. (C. C.) 189 Fed. 405. In the case of the patents in suit it is sufficient to say that an inspection thereof does no more than leave the mind in a state of dubiety as to their patentability. The complainant is therefore entitled to submit proofs to support the presumption of validity that goes with the grant of letters patent.

The demurrer is overruled. The defendants may have 20 days within which to answer on the payment of the costs of the demurrer.